## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Nancy Goodman and Jacqueline Peiffer, | Civil No. 2:14-CV-414 |
| Plaintiffs, | Judge Frost |
| v. | Magistrate Judge King |
| J.P. Morgan Investment Management, Inc., | |
| Defendant. | |
| Campbell Family Trust, Jack Hornstein, Anne H. Bradley, Casey Leblanc, Jacqueline Peiffer, Joseph Lipovich, and Valderrama Family Trust | Civil No. 2:15-CV-2923 |
| Plaintiffs, | Judge Frost |
| v. | Magistrate Judge King |
| J.P. Morgan Investment Management, Inc., JP Morgan Funds Management, Inc. and JPMorgan Chase Bank, N.A. | |
| Defendants. | |

## PLAINTIFFS' JOINT MOTION TO CONSOLIDATE
## AND MEMORANDUM IN SUPPORT

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, Plaintiffs in the above-captioned actions respectfully move the Court to consolidate *Goodman v. J.P. Morgan Investment Management, Inc.,* No. 2:14-CV-414 (S.D. Ohio) ("*Goodman*") and *Campbell Family Trust v. J.P. Morgan Investment Management, Inc., et. al.*, No. 2:15-CV-2923 (S.D. Ohio) ("*Campbell*") (collectively, the "Related Actions").  Plaintiffs met and conferred with Defendants in an attempt to arrive at an agreement on the consolidation of the Related Actions; however, Defendants informed Plaintiffs that they would oppose consolidation.

A memorandum in support of this motion follows.

## MEMORANDUM IN SUPPORT

## INTRODUCTION

The Related Actions are filed on behalf of various JPMorgan mutual funds alleging breach of fiduciary duty pursuant to Section 36(b) of the Investment Company Act of 1940 (the "1940 Act"), 15 U.S.C. § 80a-35(b). *Goodman* asserts claims on behalf of and for the benefit of the JPM Bond Funds (defined below) against Defendant J.P. Morgan Investment Management, Inc. ("JPMIM") for breach of its fiduciary duty with respect to the receipt of excessive investment advisory fees from the JPM Bond Funds. A motion for leave to amend the complaint has been filed in the *Goodman* action to add claims against Defendants JPMorgan Funds Management, Inc. ("JPMFM") and JPMorgan Chase Bank, N.A. ("JPMCB") for breach of their fiduciary duty with respect to the receipt of excessive administration fees from the JPM Bond Funds. *Campbell* asserts claims on behalf of and for the benefit of the JPM Equity Funds (defined below) against JPMIM, JPMFM, and JPMCB (collectively, the "Defendants") for breach of their fiduciary duty with respect to the receipt of excessive investment advisory and administration fees from the JPM Equity Funds.

Both of these actions allege that the fee rates charged to the JPM Bond Funds and the JPM Equity Funds (collectively the "JPM Funds"), overseen by the same Board of Trustees (the "Board") are substantially higher than the fee rates charged by the Defendants and their affiliates to other, unaffiliated clients for the same or substantially the same services, and that those fee rates could not have been the product of arm's length negotiations. Because the Related Actions involve identical legal and nearly identical factual issues, consolidation is warranted in order to facilitate the prompt and efficient administration of justice. Accordingly, Plaintiffs seek an order

pursuant to Rule 42(a) of the Federal Rules of Civil Procedure consolidating the Related Actions and any later-filed related actions that are, or will be, pending in this Court.

## FACTUAL BACKGROUND

### *Goodman* Action

On May 5, 2014, the *Goodman* action was commenced in this Court on behalf of and for the benefit of the JPMorgan Core Bond Fund (the "Core Bond Fund"), the JPMorgan High Yield Fund (the "High Yield Fund"), and the JPMorgan Short Duration Bond Fund (the "Short Duration Bond Fund") (collectively, the "JPM Bond Funds"). *See Goodman* Complaint ¶ 1 ("*Goodman* Compl."). As set forth in the *Goodman* complaint, Defendant JPMIM is the investment adviser to the JPM Bond Funds and receives an annual fee for providing investment advisory services, including managing the JPM Bond Funds' portfolios of assets. *Id.* ¶¶ 2, 24, 28-55. Under Section 36(b) of the 1940 Act, JPMIM owes a fiduciary duty to the JPM Bond Funds with respect to the investment advisory fees charged to the funds. *Id.* ¶ 3. JPMIM is alleged to have breached that fiduciary duty by receiving investment advisory fees that are so disproportionately large that they bear no reasonable relationship to the services provided to the JPM Bond Funds and could not have been the product of arm's-length bargaining. *Id.* ¶¶ 4-6, 9-11, 56-87, 102-119. The *Goodman* plaintiffs allege, among other things, that the investment advisory fee rates charged to the JPM Bond Funds are significantly higher than the rates negotiated at arm's length by JPMIM with other independent mutual funds (the "Subadvised Funds") to provide the same or substantially the same investment advisory services. *Id.* ¶¶ 4-6, 9-11, 56-87. Plaintiffs in *Goodman*, also allege that JPMIM realized economies of scale, as the JPM Bond Funds' assets under management increased, and failed to appropriately share the benefits of those economies of scale with the JPM Bond Funds. *Id.* ¶¶ 7-11, 88-101.

On March 4, 2015, this Court denied JPMIM's motion to dismiss the *Goodman* action. The Court held that the *Goodman* plaintiffs alleged sufficient facts to plausibly support an inference that the investment advisory fees paid to JPMIM are so disproportionately large as to bear no reasonable relationship to the services rendered by JPMIM in exchange for those fees. *See Goodman v. J.P. Morgan Invest. Mgmt., Inc.*, No. 2:14-CV-414, 2015 WL 965665 (S.D. Ohio Mar. 4, 2015).

On October 15, 2015, the *Goodman* plaintiffs filed a motion for leave to amend their complaint to name JPMFM and JPMCB, as additional defendants; those entities serve, respectively, as the administrator and sub-administrator of the JPM Bond Funds, (collectively, the "Administrator Defendants"). *See* Plaintiffs' Motion for Leave to File the First Amended Complaint (*Goodman* Dkt. No. 55).  The Administrator Defendants are alleged to have breached their fiduciary duty by receiving administration fees that are so disproportionately large that they bear no reasonable relationship to the services provided to the JPM Bond Funds and could not have been the product of arm's-length bargaining (the "Administration Claims"). *See Goodman* Amended Complaint (*Goodman* Dkt. No. 55-1) ¶¶ 11-16, 35-36, 114-150, 160-181 ("*Goodman* Am. Compl.").  These Administration Claims are parallel to, and interrelated with, the claims asserted against JPMIM.  As with the investment advisory services provided by JPMIM, the fees charged by the Administrator Defendants to the JPM Bond Funds are significantly higher than those charged to or paid by non-JP Morgan Funds for the same of substantially the same services provided by the Administrator Defendants.  *Id.* ¶¶ 11-16, 122-138.  They are also significantly higher than the fees charged by competing administration service providers and are allegedly duplicative of other fees paid by the JPM Bond Funds to other service providers. *Id.* ¶¶ 139-159.

Discovery is ongoing in the *Goodman* action.  Defendant JPMIM continues to produce documents and information in response to the discovery requests served by plaintiffs, which include document requests, interrogatories, and a Rule 30(b)(6) deposition notice.  To date, JPMIM has produced approximately 83,780 pages of documents, and plaintiffs anticipate that substantial, additional documents responsive to their requests remain to be produced.  With respect to depositions, plaintiffs have taken 4 to date, have scheduled 2 more and have requested dates for 19 additional witnesses (including non-parties).

***Campbell* Action**

On October 16, 2015, the *Campbell* action was filed in this Court on behalf of and for the benefit of the JPMorgan Mid Cap Value Fund (the "Mid Cap Value Fund"), the JPMorgan Large Cap Growth Fund (the "Large Cap Growth Fund"), the JPMorgan Value Advantage Fund (the "Value Advantage Fund"); JPMorgan Strategic Income Opportunities Fund ("the Strategic Opportunities Fund"); and JPMorgan US Equity Fund (the "US Equity Fund", and collectively the "JPM Equity Funds").  *See Campbell* Complaint ¶ 1 ("*Campbell* Compl.").

The *Campbell* complaint mirrors the allegations against Defendant JPMIM in the *Goodman* complaint as it challenges the same unlawful conduct by JPMIM, asserts the same causes of action under Section 36(b) and seeks the same type of relief for the funds.[1]  *Compare Campbell* Compl. ¶¶ 2-10, 43, 49-55, 67-115, 162-209 *with Goodman* Compl. ¶¶ 2-11, 24, 29-31, 46-146.  In *Campbell*, JPMIM is alleged to: (i) have breached a fiduciary duty by receiving investment advisory fees that are so disproportionately large that they bear no reasonable relationship to the services provided to the funds and could not have been the product of arm's-

---

[1]     In *Campbell*, the claims against JPMIM are brought on behalf of three JPM Equity Funds:  the Mid Cap Value Fund, the Large Cap Growth Fund and the Value Advantage Fund. *Campbell* Compl. ¶ 2.

length bargaining (*Campbell* Compl. ¶¶ 3-6, 67-101, 162-182); (ii) have charged investment advisory fee rate to the funds that are significantly higher than the rates negotiated at arm's length by JPMIM with the Subadvised Funds for the same or substantially the same investment advisory services (*Id.*); and (iii) have failed to appropriately share the benefits of economies of scale with the funds. *Id.* ¶¶ 7-9, 102-115.

The *Campbell* action also brings Administration Claims against the Administrator Defendants on behalf of the JPM Equity Funds. *Id.* ¶¶ 11-17, 116-185, 210-254. These Administration Claims in *Campbell* mirror the Administration Claims in the proposed amendment to the *Goodman* complaint, challenging the same unlawful conduct by the Administrator Defendants, asserting the same causes of action under Section 36(b) and seeking the same types of relief for the JPM Equity Funds. *Compare Campbell* Compl. ¶¶ 11-17, 44-45, 116-185, 210-254 *with Goodman* Am. Compl. ¶¶ 11-16, 35-36, 114-184, 209-235. As alleged in the *Campbell* complaint, the administration fees paid to the Administrator Defendants by the JPM Equity Funds: (i) are significantly higher than those charged to or paid by non-JP Morgan Funds for the same or substantially the same administration services provided by the Administrator Defendants (*Campbell* Compl. ¶¶ 11-17, 124-140); (ii) are also significantly higher than the fees charged by competing administration service providers (*Id.* ¶¶ 141-152); and (iii) are allegedly duplicative of other fees paid by the JPM Equity Funds to other service providers. *Id.* ¶¶ 153-161.

On October 20, 2015, the Court issued an order finding that *Goodman* and *Campbell* are related pursuant to Local Rule 3.1 and reassigned *Campbell* to this Court's calendar. *See* Related Case Memorandum Order (*Campbell* Dkt. No. 7).

The Preliminary Pretrial Conference in the *Campbell* action is scheduled for December 17, 2015.

## ARGUMENT

### I.   CONSOLIDATION OF THE RELATED ACTIONS IS APPROPRIATE

Rule 42(a) of the Federal Rules of Civil Procedure authorizes consolidation "[i]f actions before the court involve a common question of law or fact…." The purpose of the rule is to allow the Court "to administer the court's business 'with expedition and economy while providing justice to the parties.'" *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (citation omitted). Under Rule 42(a), a court has broad discretion to consolidate cases which involve common questions of law and fact. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). In deciding whether the cases should be consolidated, a court should consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (alterations in the original) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

The Related Actions share common questions of law and fact. Both actions assert causes of action against JPMIM for breach of its fiduciary duty with respect to the receipt of excessive investment advisory fees, and both actions present common legal and factual issues; including:

- Whether JPMIM breached this fiduciary duty to the JPM Funds;

- Whether the investment advisory fees charged by JPMIM to the JPM Funds are excessive;

6

- Whether the investment advisory fees charged by JPMIM to the JPM Funds were negotiated at arm's length;

- Whether the investment advisory services provided by JPMIM to the JPM Funds and Subadvised Funds are the same or substantially the same;

- Whether JPMIM realized economies of scale in providing investment advisory services to the JPM Funds;

- Whether JPMIM shares economies of scale with the JPM Funds; and

- Whether JPMIM realized any fall-out benefits.

Also, the Related Actions assert the same cause of action under the 1940 Act and seek the same types of relief, including the repayments of all unlawful and excessive investment advisory fees by the JPM Funds from one year prior to the commencement of each action to the trial date.

Discovery in both actions will substantially overlap, requiring production of many of the same documents, depositions of the same witnesses and the same expert discovery.[2] *See, e.g., Kohus v. Toys "R" US, Inc.*, Nos. C-1-05-517, C-1-05-671, 2006 WL 1476209 (S.D. Ohio May 25, 2006) (consolidating lawsuits involving the same parties and claims where there would be considerable overlap between evidence used in both actions).

For example, Plaintiffs in the Related Actions will seek discovery regarding:

- The nature and quality of the investment advisory services provided by JPMIM to the JPM Funds and to the Subadvised Funds;

- The fees paid by other mutual funds and JPMIM's other clients, including the Subadvised Funds, for JPMIM's investment advisory services;

- The cost incurred and profits realized by JPMIM in providing investment advisory services to the JPM Funds and to the Subadvised Funds;

---

[2] In fact, some of the documents produced in *Goodman* contain information and discussion about the JPM Equity Funds, although most of it has been redacted. *See, e.g.,* JPMIM000082868 (JPM Fund Fast Facts), JPMIM00016508 (Standard Fee Schedule), JPMIM00002933 (Profitability Memo).

- The approval of the investment advisory fees charged to the JPM Funds by the JPM Fund's Board of Trustees (the "Board"); and

- The negotiations between JPMIM and the Subadvised Funds and other independent mutual fund clients regarding the fees paid in exchange for JPMIM's investment advisory services.

Also, discovery as to the Administration Claims in both actions will substantially overlap, regarding: (i) the nature and quality of the administration services provided by Administrator Defendants to the JPM Funds and to non-JPM Funds; (ii) the cost incurred and profits realized by Administrator Defendants in providing administration services to the JPM Funds and to non-JPM Funds; (iii) the approval of the administration fees charged to the JPM Funds by the Board; and (iv) the negotiations between the Administrator Defendants and other non-JPM Funds clients regarding the administration fees paid in exchange for Administrator Defendant's administration services.[3]

Furthermore, since both the JPM Bond Funds and the JPM Equity Funds are overseen by the same Board, much of the discovery regarding the relationships between the JPM Funds and the various JP Morgan entities, as well as the approval process for the fees charged to the JPM Funds, will be common for the claims against JPMIM and the Administrator Defendants.

---

[3]     In the event this Court denies the motion to amend in *Goodman*, a separate complaint regarding those claims on behalf of the JPM Bond Funds will be filed by the *Goodman* plaintiffs. The *Goodman* plaintiffs would seek to consolidate that case with the *Goodman* and *Campbell* cases, since the claims against the Administrator Defendants are similar to, related to, and parallel to the claims in *Campbell*. In any event, "[i]t is not a prerequisite to consolidation that there be a complete identity of legal and factual issues posed in the cases which are the subject of the request." *Safety Today, Inc. v. Roy*, Nos. 2:12-cv-510, 2:12-cv-929, 2013 WL 1282384, at *1 (S.D. Ohio Mar. 27, 2013). "As long as there are some common questions of either law or fact, the Court has the flexibility under [Rule 42(a)] to allow cases to proceed jointly with respect to such matters in which joint proceedings would not be unduly prejudicial and would be an effective utilization of judicial resources." *Id.* As set forth above, the Related Actions meet that criteria even if the Court were to deny the motion to amend in *Goodman* because both actions assert nearly identical claims for excessive investment advisory fees.

Although some discovery already has been taken in the *Goodman* action, a significant amount of discovery in that action remains to be completed.[4] Further, the discovery remaining in *Goodman* substantially overlaps with—and, in fact, represents the vast majority of—discovery required in *Campbell*. For example, of the 21 depositions remaining to be taken in *Goodman*, 16 are witness whom Plaintiffs anticipate seeking to depose in the *Campbell* action as well. The 16 overlapping witnesses include certain non-parties, who, absent consolidation, would be required to appear for separate depositions in the *Goodman* and *Campbell* actions even though the testimony sought will be largely the same in both actions.

In addition to fact discovery, there will be substantial overlap in subsequent phases of the *Goodman* and *Campbell* actions. For example, expert discovery in both actions likely will involve the same or substantially the same experts addressing the same or substantially the same issues. Additionally, dispositive motions and pre-trial preparations likely will require the parties and the Court to address the same or substantially the same legal issues, requiring duplicative motion practice and briefing if the two actions proceed independently.

Consolidation is warranted because it will accomplish the purpose of simplifying and streamlining the discovery process, to avoid the substantially duplicative discovery to which JPMIM, the Administrator Defendants and non-party witnesses will be subjected if the cases are not consolidated. Consolidation will serve judicial efficiency by preventing unnecessary duplication of effort and will minimize the expenditure of time and money by all parties and non-parties involved, while avoiding waste of judicial resources inherent in monitoring and

---

[4] The *Goodman* plaintiffs intend to file a motion for an order extending the discovery deadlines in the Scheduling Order (Dkt No. 21) to allow adequate time for the parties to complete fact discovery.

maintaining two parallel proceedings.[5] Under these circumstances, consolidation of the Related Actions is appropriate. *See, e.g.*, *Walker v. Deutsche Bank, AG*, No. 04 Civ. 1921(DAB), 2005 WL 2207041, at *2 (S.D.N.Y. Sept. 6, 2005) (consolidating three actions alleging violations of Section 36(b) of the 1940 Act where the factual allegations supporting the claims asserted are the same); *see also, Sinclair v. Donovan*, Nos. 1:11-cv-00010, 1:11-cv-00079, 2011 WL 1870288, at *2-3 (S.D. Ohio May 13, 2011) (finding consolidation proper to conserve judicial resources); *Kohus*, 2006 WL 1476209 at *2 (consolidating two actions as it would save both the courts and the parties time and money); *Safety Today, Inc.*, 2013 WL 1282384, at *2 (consolidating cases to avoid duplicative discovery).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their joint motion to consolidate the Related Actions for all purposes.

**MEYER WILSON CO., LPA**

/s/ Matthew R. Wilson
David P. Meyer (Ohio Bar #0065205)
Matthew R. Wilson (Ohio Bar # 0072925)
Michael J. Boyle, Jr. (Ohio Bar #0091162)
1320 Dublin Road, Suite 100
Columbus, OH 43215
Tel: (614) 224-6000
Fax: (614) 224-6066

---

[5] If the motion for consolidation is denied, Plaintiffs request that the Court order coordination of the discovery efforts to avoid unnecessary duplication of efforts and minimize the expenditure of time and money by the parties in both cases.

**ZWERLING, SCHACHTER &
ZWERLING, LLP**
Robin F. Zwerling (admitted *pro hac vice*)
Jeffrey C. Zwerling (admitted *pro hac vice*)
Susan Salvetti (admitted *pro hac vice*)
Andrew W. Robertson (admitted *pro hac vice*)
41 Madison Avenue
New York, NY 10010
Tel: (212) 223-3900
Fax: (212) 371-5969

**ROBBINS ARROYO, LLP**
Stephen J. Oddo
Gregory Del Gaizo
600 B Street, Suite 1900
San Diego, CA 92101
Tel: (619) 525-3990
Fax: (619) 525-3991

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2015, I electronically filed the foregoing, under both of the actions listed in the caption, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Bradley Thomas Ferrell | ferrell@litohio.com |
| Stephen Walter Tigges | tigges@litohio.com |
| John Walcott Zeiger | zeiger@litohio.com |
| Mark Holland | mholland@goodwinprocter.com |
| Michael K. Isenman | misenman@goodwinprocter.com |

*/s/ Matthew R. Wilson*
Matthew R. Wilson

*Attorney for Plaintiffs*