**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| Campbell Family Trust, Jack Hornstein, Anne H. Bradley, Casey Leblanc, Jacqueline Peiffer, Joseph Lipovick and Valderrama Family Trust, | : : : : | |
| Plaintiffs, | : : | Civil No. 2:15-cv-2923 |
| v. | : : | Judge Frost |
| J.P. Morgan Investment Management, Inc., JP Morgan Funds Management, Inc. and JP Morgan Chase Bank, N.A., | : : : : | Magistrate Judge King |
| Defendants. | : : | |

## ANSWER OF DEFENDANT J.P. MORGAN INVESTMENT MANAGEMENT, INC.

Defendant J.P. Morgan Investment Management, Inc. ("JPMIM") hereby answers and otherwise responds to the complaint in the above-captioned matter (the "Complaint"). JPMIM answers only for itself, and not for the other two named defendants in this action, JP Morgan Funds Management, Inc. ("JPMFM") and JP Morgan Chase Bank, N.A. ("JPMCB").

JPMIM denies each and every allegation of the Complaint not expressly admitted below, and denies that plaintiffs Campbell Family Trust, Jack Hornstein, Anne H. Bradley, Casey Leblanc, Jacqueline Peiffer, Joseph Lipovick and Valderrama Family Trust (collectively, "Plaintiffs") are entitled to any of the relief they seek. Unnumbered paragraphs in the Complaint do not require a responsive pleading. To the extent a response is required, JPMIM denies the allegations in any unnumbered paragraphs.

1.      JPMIM admits that Plaintiffs purport to bring this action pursuant to Section 36(b) of the Investment Company Act of 1940 (the "1940 Act"), but denies that Plaintiffs have any claim under that section and otherwise denies the allegations in Paragraph 1 of the Complaint.

2.      JPMIM admits that it is the investment adviser of the Mid Cap Value Fund, the Large Cap Growth Fund, and the Value Advantage Fund (collectively, the "Advisory Claim Funds") and that it receives a fee from the each of the Advisory Claim Funds for providing investment advisory services, including, among other things, managing each Advisory Claim Fund's portfolio of assets.  JPMIM otherwise denies the allegations in Paragraph 2 of the Complaint.

3.      To the extent that Paragraph 3 of the Complaint purports to characterize Section 36(b) of the 1940 Act, JPMIM states that the text of that provision speaks for itself and denies any characterization inconsistent with its terms.  To the extent that Paragraph 3 of the Complaint purports to state conclusions of law, no responsive pleading is required.  JPMIM otherwise denies the allegations in Paragraph 3 of the Complaint.

4.      JPMIM denies the allegations in Paragraph 4 of the Complaint.

5.      JPMIM denies the allegations in Paragraph 5 of the Complaint.

6.      JPMIM denies the allegations in Paragraph 6 of the Complaint.

7.      JPMIM denies the allegations in Paragraph 7 of the Complaint.

8.      JPMIM admits that the aggregate investment advisory fees paid by the Advisory Claim Funds were less than $45.7 million in the fiscal year ended June 30, 2008 and otherwise denies the allegations in Paragraph 8 of the Complaint.

9.      JPMIM denies the allegations in Paragraph 9 of the Complaint

10.     JPMIM denies the allegations in Paragraph 10 of the Complaint.

2

11. JPMIM admits that JPMFM is an affiliate of JPMIM, and that JPMFM is the administrator to the Advisory Claim Funds, the Strategic Income Opportunities Fund and the US Equity Fund (collectively the "Funds").

12. JPMIM admits that JPMFM receives a fee from each of the Funds for providing certain administrative services. JPMIM otherwise denies the allegations in Paragraph 12 of the Complaint.

13. JPMIM admits that JPMCB is an affiliate of JPMIM, and that JPMCB is the sub-administrator to the Funds. JPMIM otherwise denies the allegations in Paragraph 13 of the Complaint.

14. To the extent that Paragraph 14 of the Complaint purports to characterize Section 36(b) of the 1940 Act, JPMIM states that the text of that provision speaks for itself and denies any characterization inconsistent with its terms. To the extent that Paragraph 14 of the Complaint purports to state conclusions of law, no responsive pleading is required. JPMIM otherwise denies the allegations in Paragraph 14 of the Complaint.

15. JPMIM denies the allegations in Paragraph 15 of the Complaint.

16. JPMIM denies the allegations in Paragraph 16 of the Complaint.

17. JPMIM denies the allegations in Paragraph 17 of the Complaint.

18. To the extent that Paragraph 18 of the Complaint purports to state conclusions of law, no responsive pleading is required. JPMIM otherwise denies the allegations in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint purports to state conclusions of law to which no responsive pleading is required. To the extent a response is required, JPMIM denies the allegations in Paragraph 19 of the Complaint.

20.     Paragraph 20 of the Complaint purports to state conclusions of law to which no responsive pleading is required.

21.     Without admitting each allegation in Paragraph 21 of the Complaint, JPMIM admits that venue is proper in this judicial district.

22.     JPMIM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and on that basis denies the allegations.

23.     JPMIM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and on that basis denies the allegations.

24.     JPMIM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and on that basis denies the allegations.

25.     JPMIM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and on that basis denies the allegations.

26.     JPMIM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and on that basis denies the allegations.

27.     JPMIM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and on that basis denies the allegations.

28.     JPMIM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and on that basis denies the allegations.

29.     JPMIM admits the allegations in Paragraph 29 of the Complaint.

30.     JPMIM admits the allegations in Paragraph 30 of the Complaint.

31.     JPMIM admits the allegations in Paragraph 31 of the Complaint.

32.     JPMIM admits the allegations in Paragraph 32 of the Complaint.

33.     JPMIM admits the allegations in Paragraph 33 of the Complaint.

ACTIVE/84509433.7

34.     JPMIM admits the allegations in Paragraph 34 of the Complaint.

35.     JPMIM admits that each Fund is a series of an open-end management investment company registered under the 1940 Act, and that each Fund is commonly referred to as a mutual fund.  JPMIM otherwise denies the allegations in Paragraph 35 of the Complaint.

36.     JPMIM admits that the Value Advantage Fund, Strategic Opportunities Fund and US Equity Fund are organized as series within JP Morgan Trust I ("TRUST I"), a statutory trust formed under Delaware law pursuant to a Declaration of Trust.  JPMIM admits that the Value Advantage Fund, Strategic Opportunities Fund and US Equity Fund are among the mutual funds comprised within TRUST I.  JPMIM otherwise denies the allegations in Paragraph 36 of the Complaint.

37.     JPMIM admits that the Large Cap Growth Fund is organized as a series within JP Morgan Trust II ("TRUST II"), a statutory trust formed under Delaware law pursuant to a Declaration of Trust.  JPMIM admits that TRUST II comprises more than 30 mutual funds, including the Large Cap Growth Fund.  JPMIM otherwise denies the allegations in Paragraph 37 of the Complaint.

38.     JPMIM admits that the Mid Cap Value Fund is a series of the J.P. Morgan Fleming Mutual Fund Group, Inc. (the "Fleming Group"), an open-end management investment company organized as a Maryland corporation.  JPMIM otherwise denies the allegations in Paragraph 38 of the Complaint.

39.     JPMIM admits that the Complaint collectively refers to the mutual funds comprising TRUST I, TRUST II, and the Fleming Group as the "JP Mutual Funds."

40.  JPMIM admits that the Funds are collective investments that pool money from investors and invest the money in a portfolio of securities or other assets.  JPMIM otherwise denies the allegations in Paragraph 40 of the Complaint.

41.  JPMIM admits that each Fund issues shares to investors that purchase shares of that Fund, and that each Fund share represents a pro rata interest in the Fund's net assets. JPMIM otherwise denies the allegations in Paragraph 41 of the Complaint.

42.  JPMIM admits the allegations in Paragraph 42 of the Complaint.

43.  JPMIM admits that it serves as each Fund's investment adviser and, in that capacity, is responsible for, among other things, managing each Fund's portfolio of assets, including, among other things, researching potential investments and deciding which securities will be purchased for or sold from the portfolio.  JPMIM otherwise denies the allegations in Paragraph 43 of the Complaint.

44.  JPMIM admits that JPMFM serves as each Fund's administrator and, in that capacity, provides certain administrative services to the Funds.  JPMIM otherwise denies the allegations in Paragraph 44 of the Complaint.

45.  JPMIM admits that JPMCB serves as each Fund's sub-administrator and, in that capacity, provides certain services to the Funds.  JPMIM otherwise denies the allegations in Paragraph 45 of the Complaint.

46.  JPMIM admits that other service providers, including among others affiliates of JPMIM, provide certain other services to the Funds.  JPMIM otherwise denies the allegations in Paragraph 46 of the Complaint.

47.  JPMIM admits that TRUST I and TRUST II each have a board of trustees that oversees the management of the Funds within the respective trust, and that the Complaint

purports to refer to both boards as the "Board."  JPMIM otherwise denies the allegations in Paragraph 47 of the Complaint.

48.     JPMIM admits that the boards of trustees of TRUST I and TRUST II consist of the same members, and that boards comprising these members oversee the management of each of the Funds.  JPMIM otherwise denies the allegations in Paragraph 48 of the Complaint.

49.     JPMIM admits that it serves as investment adviser to the Value Advantage Fund pursuant to an Investment Advisory Agreement between JPMIM and TRUST I (the "TRUST I IAA").  JPMIM otherwise denies the allegations in Paragraph 49 of the Complaint.

50.     JPMIM admits that it serves as investment adviser to the Large Cap Growth Fund, and that the Complaint refers to the agreement pursuant to which JPMIM provides investment advisory services to the Large Cap Growth Fund as the "TRUST II IAA."  JPMIM otherwise denies the allegations in Paragraph 50 of the Complaint.

51.     JPMIM admits that it serves as investment adviser to the Mid Cap Value Fund, and that the Complaint refers to the agreement pursuant to which JPMIM provides investment advisory services to the Mid Cap Value Fund as the "Mid Cap Value IAA."  JPMIM otherwise denies the allegations in Paragraph 51 of the Complaint.

52.     To the extent that Paragraph 52 of the Complaint purports to characterize the TRUST I IAA, the TRUST II IAA, and the Mid Cap Value IAA, JPMIM states that the documents speak for themselves and denies any characterization inconsistent with their terms. JPMIM admits that the documents are collectively referred to within the Complaint as the "IAAs," and otherwise denies the allegations in Paragraph 52 of the Complaint.

53.     To the extent that Paragraph 53 of the Complaint purports to characterize the IAAs, JPMIM states that the documents speak for themselves and denies any characterization

ACTIVE/84509433.7

inconsistent with their terms.  JPMIM otherwise denies the allegations in Paragraph 53 of the Complaint.

54.  Paragraph 54 of the Complaint purports to state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 54 of the Complaint purports to characterize the IAAs, JPMIM states that the documents speak for themselves and denies any characterization inconsistent with their terms.  JPMIM otherwise denies the allegations in Paragraph 54 of the Complaint.

55.  JPMIM admits that the prospectuses for each Advisory Claim Fund disclose certain information about investment advisory services and about, among other things, the Funds' investment objective, the types of securities in which the Funds invest and the investment strategies employed.  JPMIM also admits that each Advisory Claim Fund's prospectus is filed with the SEC at least annually.  JPMIM otherwise denies the allegations in Paragraph 55 of the Complaint.

56.  To the extent that Paragraph 56 of the Complaint purports to characterize the Mid Cap Value Fund's prospectus dated November 1, 2014 (the "Mid Cap Value Fund Prospectus"), JPMIM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 56 of the Complaint.

57.  To the extent that Paragraph 57 of the Complaint purports to characterize or quote from the Mid Cap Value Fund Prospectus, JPMIM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 57 of the Complaint.

58. JPMIM admits that Jonathan K.L. Simon, Lawrence E. Playford and Gloria H. Fu are the Mid Cap Value Fund's portfolio managers. JPMIM otherwise denies the allegations in Paragraph 58 of the Complaint.

59. JPMIM denies the allegations in Paragraph 59 of the Complaint.

60. JPMIM denies the allegations in Paragraph 60 of the Complaint.

61. JPMIM admits that Giri Devulapally is the Large Cap Growth Fund's portfolio manager. JPMIM otherwise denies the allegations in Paragraph 61 of the Complaint.

62. To the extent that Paragraph 62 of the Complaint purports to characterize the Value Advantage Fund's prospectus dated November 1, 2014 (the "Value Advantage Fund Prospectus"), JPMIM states that the document speaks for itself and denies any characterization inconsistent with its terms. JPMIM otherwise denies the allegations in Paragraph 62 of the Complaint.

63. To the extent that Paragraph 63 of the Complaint purports to characterize the Value Advantage Fund Prospectus, JPMIM states that the document speaks for itself and denies any characterization inconsistent with its terms. JPMIM otherwise denies the allegations in Paragraph 63 of the Complaint.

64. JPMIM admits that Jonathan K.L. Simon, Lawrence E. Playford and Gloria H. Fu are the Value Advantage Fund's portfolio managers. JPMIM otherwise denies the allegations in Paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint purports to state conclusions of law to which no responsive pleading is required.

ACTIVE/84509433.7

66. JPMIM admits that the Funds' investment teams are supported by, among others, legal, compliance and administrative personnel. JPMIM otherwise denies the allegations in Paragraph 66 of the Complaint.

67. JPMIM admits that each Advisory Claim Fund pays JPMIM a fee that is calculated as a percentage of the Fund's net assets under management ("AUM"). JPMIM otherwise denies the allegations in Paragraph 67 of the Complaint.

68. JPMIM admits that the Mid Cap Value Fund's gross investment advisory fee rate, on an annual basis and before any fee waivers are taken into account, is 0.65% of the Fund's AUM. JPMIM admits that the Large Cap Growth Fund's gross investment advisory fee rate, on an annual basis and before any fee waivers are taken into account, is 0.50% of the Fund's AUM. JPMIM admits that the Value Advantage Fund's gross investment advisory fee rate, on an annual basis and before any fee waivers are taken into account, is 0.65% of the Fund's AUM. JPMIM denies that each of the Advisory Claim Funds was charged the gross investment advisory fee rate and otherwise denies the allegations in Paragraph 68 of the Complaint.

69. JPMIM denies the allegations in Paragraph 69 of the Complaint.

70. JPMIM admits that it provides investment advisory services to certain unaffiliated persons or entities, and that it provides investment subadvisory services to certain unaffiliated mutual funds. JPMIM otherwise denies the allegations in Paragraph 70 of the Complaint.

71. JPMIM admits that (a) the investment adviser to the LVIP Mid Cap Value RPM Fund (the "LVIP Mid Cap Value Fund") has contracted with JPMIM for JPMIM to serve as a subadviser to that fund; (b) the investment adviser to the VY JPMorgan Mid Cap Value Portfolio (the "VY Mid Cap Value Fund") has contracted with JPMIM for JPMIM to serve as a subadviser to that fund; (c) the investment adviser to the Transamerica JP Morgan Mid Cap Value VP (the

ACTIVE/84509433.7

"Transamerica Mid Cap Value Fund") has contracted with JPMIM for JPMIM to serve as a subadviser to that fund; (d) the investment adviser to the Great West/Multi-Manager Large Cap Growth Fund (the "Subadvised Large Cap Growth Fund") has contracted with JPMIM for JPMIM to serve as a subadviser to that fund; and (e) the investment adviser to the Pacific Select Fund JPMorgan Value Advantage Portfolio (the "Subadvised Value Advantage Fund") has contracted with JPMIM for JPMIM to serve as a subadviser to that fund.  JPMIM also admits that the Complaint refers to these funds collectively as the "Subadvised Funds."  JPMIM otherwise denies the allegations in Paragraph 71 of the Complaint.

72.     JPMIM admits the allegations in Paragraph 72 of the Complaint.

73.     JPMIM admits that each of the Subadvised Funds is a series of an open-end management investment company registered under the 1940 Act.  JPMIM otherwise denies the allegations in Paragraph 73 of the Complaint.

74.     JPMIM admits that each of the Subadvised Funds is organized as a series of a business trust, a statutory trust, or a corporation organized under state law.  JPMIM otherwise denies the allegations in Paragraph 74 of the Complaint.

75.     JPMIM admits that each Subadvised Fund issues shares to investors that purchase shares of that fund, and that each fund share represents a pro rata interest in the fund's net assets. JPMIM otherwise denies the allegations in Paragraph 75 of the Complaint.

76.     JPMIM admits that each Subadvised Fund's financial institution sponsor, or an affiliate thereof, serves as that fund's investment adviser.  JPMIM admits each Subadvised Fund's investment adviser has entered into an advisory agreement with that fund and receives investment advisory fees from that fund.  JPMIM otherwise denies the allegations in Paragraph 76 of the Complaint.

ACTIVE/84509433.7

77.     JPMIM admits that the investment adviser of each of the Subadvised Funds has entered into an investment subadvisory agreement with JPMIM for JPMIM to serve as a subadviser to that fund.  To the extent that Paragraph 77 of the Complaint purports to characterize the subadvisory agreements between JPMIM and each of the Subadvised Funds' investment advisers, JPMIM states that each such subadvisory agreement speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 77 of the Complaint.

78.     JPMIM admits that, with respect to each Subadvised Fund, the subadvisory fee that JPMIM receives for serving as a subadviser to that fund is paid by the fund's investment adviser.  JPMIM otherwise denies the allegations in Paragraph 78 of the Complaint.

79.     JPMIM denies the allegations in Paragraph 79 of the Complaint.

80.     To the extent that Paragraph 80 of the Complaint purports to characterize the subadvisory agreements between JPMIM and the Subadvised Funds' investment advisers, JPMIM states that each of those agreements speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 80 of the Complaint.

81.     Paragraph 81 of the Complaint purports to state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 81 of the Complaint purports to characterize a subadvisory agreement, JPMIM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 81 of the Complaint.

82.     To the extent that Paragraph 82 of the Complaint purports to characterize a Fund prospectus or a Subadvised Fund prospectus, JPMIM states that each document speaks for itself

and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 82 of the Complaint.

83.  JPMIM admits that Jonathan K.L. Simon, Lawrence E. Playford and Gloria H. Fu serve as portfolio managers to the Mid Cap Value Fund and serve as portfolio managers to the Subadvised Mid Cap Value Funds.  JPMIM otherwise denies the allegations in Paragraph 83 of the Complaint.

84.  JPMIM admits that it uses some of the same strategies and resources (including some of the same systems and technology) in connection with providing subadvisory services to the Subadvised Mid Cap Value Funds that it uses in connection with providing investment advisory services to the Mid Cap Value Fund.  JPMIM otherwise denies the allegations in Paragraph 84 of the Complaint.

85.  To the extent that Paragraph 85 of the Complaint purports to characterize a fund prospectus or a Subadvised fund prospectus, JPMIM states that each document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 85 of the Complaint.

86.  JPMIM admits that Giri Devulapally serves as the portfolio manager to the Large Cap Growth Fund and serves as the portfolio manager to the Subadvised Large Cap Growth Fund.  JPMIM otherwise denies the allegations in Paragraph 86 of the Complaint.

87.  JPMIM admits that it uses some of the same strategies and resources (including some of the same systems and technology) in connection with providing subadvisory services to the Subadvised Large Cap Growth Fund that it uses in connection with providing investment advisory services to the Large Cap Growth Fund.  JPMIM otherwise denies the allegations in Paragraph 87 of the Complaint.

88. To the extent that Paragraph 88 of the Complaint purports to characterize a Fund prospectus or a Subadvised Fund prospectus, JPMIM states that each document speaks for itself and denies any characterization inconsistent with its terms. JPMIM otherwise denies the allegations in Paragraph 88 of the Complaint.

89. JPMIM admits that Jonathan K.L. Simon, Lawrence E. Playford and Gloria H. Fu serve as portfolio managers to the Value Advantage Fund and serve as portfolio managers to the Subadvised Value Advantage Fund. JPMIM otherwise denies the allegations in Paragraph 89 of the Complaint.

90. JPMIM admits that it uses some of the same strategies and resources (including some of the same systems and technology) in connection with providing subadvisory services to the Subadvised Value Advantage Fund that it uses in connection with providing investment advisory services to the Value Advantage Fund. JPMIM otherwise denies the allegations in Paragraph 90 of the Complaint.

91. Paragraph 91 of the Complaint purports to state conclusions of law to which no responsive pleading is required. To the extent a response is required, JPMIM denies the allegations in Paragraph 91 of the Complaint

92. JPMIM denies the allegations in Paragraph 92 of the Complaint.

93. JPMIM admits that, with respect to each Subadvised Fund, the amount of subadvisory fees JPMIM receives from the investment adviser of the fund to serve as the subadviser of the fund is less than the amount of advisory fees JPMIM receives from the corresponding Fund to serve as its investment adviser. JPMIM otherwise denies the allegations in Paragraph 93 of the Complaint.

94. JPMIM denies the allegations in Paragraph 94 of the Complaint.

14

95.     JPMIM denies the allegations in Paragraph 95 of the Complaint.

96.     JPMIM denies the allegations in Paragraph 96 of the Complaint.

97.     JPMIM denies the allegations in Paragraph 97 of the Complaint.

98.     JPMIM denies the allegations in Paragraph 98 of the Complaint.

99.     JPMIM denies the allegations in Paragraph 99 of the Complaint.

100.    JPMIM denies the allegations in Paragraph 100 of the Complaint.

101.    JPMIM denies the allegations in Paragraph 101 of the Complaint.

102.    JPMIM admits that the Mid Cap Value Fund's AUM were approximately $5.8 billion as of fiscal year 2008, approximately $15.9 billion as of June 30, 2015, and approximately $15 billion as of August 31, 2015.  JPMIM otherwise denies the allegations in Paragraph 102 of the Complaint.

103.    JPMIM admits that the Mid Cap Value Fund paid less than $38.2 million in advisory fees in fiscal year 2008 and otherwise denies the allegations in Paragraph 103 of the Complaint.

104.    JPMIM admits that the Large Cap Growth Fund's AUM were approximately $910 million as of fiscal year 2008, approximately $15.6 billion as of June 30, 2015, and approximately $15 billion as of August 31, 2015.  JPMIM otherwise denies the allegations in Paragraph 104 of the Complaint.

105.    JPMIM admits that the Large Cap Growth Fund paid less than $5 million in advisory fees in fiscal year 2008, and approximately $77 million in advisory fees in fiscal year 2015.  JPMIM otherwise denies the allegations in Paragraph 105 of the Complaint.

106.    JPMIM admits that the Value Advantage Fund's AUM were approximately $404 million as of fiscal year 2008, approximately $11.3 billion as of June 30, 2015, and

ACTIVE/84509433.7

approximately $11 billion as of August 31, 2015. JPMIM otherwise denies the allegations in Paragraph 106 of the Complaint.

107. JPMIM denies the allegations in Paragraph 107 of the Complaint.

108. JPMIM denies the allegations in Paragraph 108 of the Complaint.

109. JPMIM denies the allegations in Paragraph 109 of the Complaint.

110. JPMIM admits that some investment advisory agreement fee schedules include breakpoints that may reduce a fund's fee rate as assets under management increase. JPMIM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110 of the Complaint, and on that basis denies the allegations.

111. JPMIM admits that the investment adviser of the VY Mid Cap Value Fund pays JPMIM to serve as subadviser at an annual fee rate as follows: 0.55% on the first $50 million of net assets; 0.50% on the next $50 million of net assets; 0.45% on net assets greater than $100 million. JPMIM otherwise denies the allegations in Paragraph 111 of the Complaint.

112. JPMIM admits that breakpoints provide one means for a fund to share in the benefits of potential economies of scale. JPMIM otherwise denies the allegations in Paragraph 112 of the Complaint.

113. JPMIM denies the allegations in Paragraph 113 of the Complaint.

114. JPMIM admits that the Advisory Claim Funds' investment advisory fee schedules do not include breakpoints. JPMIM otherwise denies the allegations in Paragraph 114 of the Complaint.

115. JPMIM denies the allegations in Paragraph 115 of the Complaint.

116. JPMIM admits that JPMFM serves as administrator to the Funds pursuant to an agreement between JPMFM and the Funds (the "Administration Agreement" or "JPMorgan

ACTIVE/84509433.7

Administration Agreement").  JPMIM otherwise denies the allegations in Paragraph 116 of the Complaint.

117.     To the extent that Paragraph 117 of the Complaint purports to characterize the Administration Agreement, JPMIM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 117 of the Complaint.

118.     Paragraph 118 of the Complaint purports to state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 118 of the Complaint purports to characterize the Administration Agreement, JPMIM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 118 of the Complaint.

119.     JPMIM admits that JPMCB is the Funds' sub-administrator.  JPMIM otherwise denies the allegations in Paragraph 119 of the Complaint.

120.     JPMIM admits that each Fund pays JPMFM a fee that is calculated as a percentage of the Fund's AUM, including breakpoints based on aggregate AUM of the Funds and other funds not at issue here.  JPMIM otherwise denies the allegations in Paragraph 120 of the Complaint.

121.     JPMIM denies the allegations in Paragraph 121 of the Complaint.

122.     JPMIM denies the allegations in Paragraph 122 of the Complaint.

123.     To the extent that Paragraph 123 of the Complaint purports to characterize the Administration Agreement, JPMIM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 123 of the Complaint.

124.     JPMIM admits that the Complaint refers the ProShares Trust as the "ProShares Funds," the EQ Advisors Trust as the "EQ Funds," and collectively refers to these unaffiliated mutual funds as the "Unaffiliated Funds."  JPMIM further admits that JPMFM provides certain services to the Funds, and that JPMCB provides certain services to the Funds.  JPMIM further admits that JPMCB provides certain services to other unaffiliated funds including the ProShares Funds and the EQ Funds.  JPMIM otherwise the denies the allegations in Paragraph 124 of the Complaint.

125.     JPMIM admits that the Complaint refers to an agreement as the "ProShares Funds Agreement."  JPMIM otherwise denies the allegations in Paragraph 125 of the Complaint.

126.     JPMIM admits that AXA Equitable Funds Management Group, LLC has entered into a Mutual Funds Sub-Administration Agreement with JPMCB for JPMCB to provide certain services to the EQ Funds (the "EQ Funds Agreement").  To the extent that Paragraph 126 of the Complaint purports to characterize the EQ Funds Agreement, JPMIM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 126 of the Complaint.

127.     JPMIM denies the allegations in Paragraph 127 of the Complaint.

128.     JPMIM denies the allegations in Paragraph 128 of the Complaint.

129.     To the extent that Paragraph 129 of the Complaint purports to characterize the Administration Agreement, the ProShares Funds Agreement or the EQ Funds Agreement, JPMIM states that each document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 129 of the Complaint.

130.     To the extent that Paragraph 130 of the Complaint purports to characterize the ProShares Funds Agreement or the EQ Funds Agreement, JPMIM states that each document

speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 130 of the Complaint.

131.    JPMIM admits that JPMCB provides certain services to the Funds pursuant to an Amended and Restated Global Custody and Fund Accounting Agreement between JPMCB and the Funds, and that the Complaint refers to this agreement as the "JPMorgan Fund Accounting Agreement."  To the extent that Paragraph 131 of the Complaint purports to characterize the JPMorgan Fund Accounting Agreement, JPMIM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 131 of the Complaint.

132.    JPMIM admits the Funds pay separate fees pursuant to the JPMorgan Fund Accounting Agreement and the JPMorgan Administration Agreement.  To the extent that Paragraph 132 of the Complaint purports to characterize the JPMorgan Administration Agreement or the JPMorgan Fund Accounting Agreement, JPMIM states that each document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 132 of the Complaint.

133.    JPMIM denies the allegations in Paragraph 133 of the Complaint.

134.    To the extent that Paragraph 134 of the Complaint purports to characterize the ProShares Funds Agreement, JPMIM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 134 of the Complaint.

135.    JPMIM denies the allegations in Paragraph 135 of the Complaint.

136.    To the extent that Paragraph 136 of the Complaint purports to characterize the EQ Funds Agreement, JPMIM states that the document speaks for itself and denies any

19

characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 136 of the Complaint.

137.    JPMIM denies the allegations in Paragraph 137 of the Complaint.

138.    JPMIM denies the allegations in Paragraph 138 of the Complaint.

139.    To the extent that Paragraph 139 of the Complaint purports to characterize the Administration Agreement, the ProShares Funds Agreement or the EQ Funds Agreement, JPMIM states that each document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 139 of the Complaint.

140.    JPMIM denies the allegations in Paragraph 140 of the Complaint.

141.    JPMIM admits that other service providers provide other services to mutual funds. JPMIM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 141 of the Complaint, and on that basis denies the allegations.

142.    JPMIM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 of the Complaint, and on that basis denies the allegations.

143.    JPMIM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 of the Complaint, and on that basis denies the allegations.

144.    JPMIM admits that State Street provides certain services to the Met Investors Series Trust and the Metropolitan Series Fund (together, the "MetLife Funds") pursuant to an agreement (the "MetLife Funds Agreement").  To the extent that Paragraph 144 of the Complaint purports to characterize the MetLife Funds Agreement, JPMIM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise lacks

ACTIVE/84509433.7

knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 144 of the Complaint, and on that basis denies the allegations.

145.     To the extent that Paragraph 145 of the Complaint purports to characterize the

Administration Agreement or the MetLife Funds Agreement, JPMIM states that each document

speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise

lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 145 of the Complaint, and on that basis denies the allegations.

146.     To the extent that Paragraph 146 of the Complaint purports to characterize the

MetLife Funds Agreement, JPMIM states that the document speaks for itself and denies any

characterization inconsistent with its terms.  JPMIM otherwise lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 146 of the Complaint,

and on that basis denies the allegations.

147.     To the extent that Paragraph 147 of the Complaint purports to characterize the

MetLife Funds Agreement, JPMIM states that the document speaks for itself and denies any

characterization inconsistent with its terms.  JPMIM otherwise lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 147 of the Complaint,

and on that basis denies the allegations.

148.     JPMIM denies the allegations in Paragraph 148 of the Complaint.

149.     JPMIM admits that US Bank provides certain services to the Bridge Builder Bond

Fund pursuant to an agreement between US Bank and the Bridge Builder Trust (the "Bridge

Builder Funds Agreement").  To the extent that Paragraph 149 of the Complaint purports to

characterize the Bridge Builder Funds Agreement, JPMIM states that the document speaks for

itself and denies any characterization inconsistent with its terms.  JPMIM otherwise lacks

ACTIVE/84509433.7

knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 149 of the Complaint, and on that basis denies the allegations.

150.    To the extent that Paragraph 150 of the Complaint purports to characterize the

Administration Agreement or the Bridge Builder Funds Agreement, JPMIM states that each

document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM

otherwise lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 150 of the Complaint, and on that basis denies the allegations.

151.    To the extent that Paragraph 151 of the Complaint purports to characterize the

Bridge Builder Funds Agreement, JPMIM states that the document speaks for itself and denies

any characterization inconsistent with its terms.  JPMIM otherwise lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 151 of the

Complaint, and on that basis denies the allegations.

152.    JPMIM denies the allegations in Paragraph 152 of the Complaint.

153.    JPMIM denies the allegations in Paragraph 153 of the Complaint.

154.    JPMIM admits that the Funds entered into an agreement with JPMorgan

Distribution Services, Inc. (the "Shareholder Servicing Agreement").  To the extent that

Paragraph 154 of the Complaint purports to characterize the Shareholder Servicing Agreement,

JPMIM states that the document speaks for itself and denies any characterization inconsistent

with its terms.  JPMIM otherwise denies the allegations in Paragraph 154 of the Complaint.

155.    To the extent that Paragraph 155 of the Complaint purports to characterize the

Shareholder Servicing Agreement, JPMIM states that the document speaks for itself and denies

any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in

Paragraph 155 of the Complaint.

ACTIVE/84509433.7

156.    JPMIM admits that the Large Cap Growth Fund paid approximately $19 million under the Shareholder Servicing Agreement in fiscal year 2015.  JPMIM admits that the US Equity Fund paid approximately $11 million under the Shareholder Servicing Agreement in fiscal year 2015.  JPMIM otherwise denies the allegations in Paragraph 156 of the Complaint.

157.    To the extent that Paragraph 157 of the Complaint purports to characterize the Administration Agreement or the Shareholder Servicing Agreement, JPMIM states that each document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 157 of the Complaint.

158.    JPMIM denies the allegations in Paragraph 158 of the Complaint.

159.    JPMIM denies the allegations in Paragraph 159 of the Complaint.

160.    JPMIM denies the allegations in Paragraph 160 of the Complaint.

161.    To the extent that Paragraph 161 of the Complaint purports to characterize the Administration Agreement or any other agreement, JPMIM states that each document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM otherwise denies the allegations in Paragraph 161 of the Complaint.

162.    JPMIM denies the allegations in Paragraph 162 of the Complaint.

163.    Paragraph 163 of the Complaint purports to state conclusions of law to which no responsive pleading is required.

164.    JPMIM denies the allegations in Paragraph 164 of the Complaint.

165.    JPMIM admits that some members of the Funds' boards hold positions at, or serve on boards of, other companies or institutions.  JPMIM otherwise denies the allegations in Paragraph 165 of the Complaint.

ACTIVE/84509433.7

166.     To the extent that Paragraph 166 of the Complaint purports to state conclusions of law, no responsive pleading is required.  JPMIM admits that the Board meets regularly and that over the course of a year, the Board's activities (in some instances split among various committees) include, among other things, review and approval of investment advisory and other service contracts, monitoring fund compliance matters, oversight of daily pricing of security holdings, and approval of the prospectus.  JPMIM otherwise denies the allegations in Paragraph 166 of the Complaint.

167.     JPMIM admits that when the Board has approved the IAAs and the Administration Agreement in the past, the Board has received, among other things, certain information prepared by JPMIM or JPMFM.  JPMIM otherwise denies the allegations in Paragraph 167 of the Complaint.

168.     JPMIM denies the allegations in Paragraph 168 of the Complaint.

169.     JPMIM denies the allegations in Paragraph 169 of the Complaint.

170.     JPMIM denies the allegations in Paragraph 170 of the Complaint.

171.     JPMIM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 of the Complaint, and on that basis denies the allegations.

172.     To the extent that Paragraph 172 of the Complaint purports to characterize the IAAs or the Administration Agreement, JPMIM states that each document speaks for itself and denies any characterization inconsistent with its terms.  JPMIM admits that the IAAs and the Administration Agreement do not include a "most favored nation" provision.  JPMIM otherwise denies the allegations in Paragraph 172 of the Complaint.

173.     JPMIM denies the allegations in Paragraph 173 of the Complaint.

174.     JPMIM denies the allegations in Paragraph 174 of the Complaint.

ACTIVE/84509433.7

175.     JPMIM admits that in some instances the fee schedule under which each Subadvised Fund's investment adviser pays JPMIM to provide subadvisory services results from negotiations between JPMIM and the Subadvised Fund's investment adviser.  JPMIM otherwise denies the allegations in Paragraph 175 of the Complaint.

176.     JPMIM admits that it has negotiated with the investment advisers of some of the Subadvised Funds regarding the fees that the investment adviser will pay JPMIM to provide subadvisory services.  JPMIM otherwise denies the allegations in Paragraph 176 of the Complaint.

177.     JPMIM admits that before selecting subadvisers, in some instances the investment advisers of some Subadvised Funds may have multiple candidates submit proposals.  JPMIM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 177 of the Complaint, and on that basis denies the allegations.

178.     To the extent that Paragraph 178 of the Complaint refers to investment advisers other than JPMIM, JPMIM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 of the Complaint, and on that basis denies the allegations.  To the extent that Paragraph 178 of the Complaint refers to JPMIM specifically, JPMIM denies the allegations in Paragraph 178 of the Complaint.

179.     JPMIM admits that, in some instances, the fee schedule under which sponsors of the Unaffiliated Funds pay JPMCB for certain services results from negotiations between JPMCB and the sponsors of Unaffiliated Funds.  JPMIM otherwise denies the allegations in Paragraph 179 of the Complaint.

180.     JPMIM admits that, in some instances, JPMCB has negotiated with the sponsors of the Unaffiliated Funds regarding the fees that the Unaffiliated Funds will pay JPMCB to

ACTIVE/84509433.7

provide certain services.  JPMIM otherwise denies the allegations in Paragraph 180 of the Complaint.

181.   JPMIM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 of the Complaint, and on that basis denies the allegations.

182.   To the extent that Paragraph 182 of the Complaint refers to service providers unaffiliated with JPMIM, JPMIM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 of the Complaint, and on that basis denies the allegations.  To the extent that Paragraph 182 of the Complaint refers to service providers affiliated with JPMIM, JPMIM denies the allegations in Paragraph 182 of the Complaint.

183.   JPMIM admits that fees paid pursuant to the IAAs and the Administration Agreement are paid out of each Fund's assets, and that those fees, like any fund expense, reduce a Fund's net assets.  JPMIM otherwise denies the allegations in Paragraph 183 of the Complaint.

184.   JPMIM denies the allegations in Paragraph 184 of the Complaint.

185.   JPMIM denies the allegations in Paragraph 185 of the Complaint.

186.   JPMIM incorporates the foregoing responses to Paragraphs 1-185 of the Complaint as though repeated herein.

187.   JPMIM admits that Plaintiffs purport to bring Count I on behalf of and for the benefit of the Mid Cap Value Fund and denies that Plaintiffs are entitled to any relief.

188.   JPMIM admits the allegations in Paragraph 188 of the Complaint.

189.   To the extent that Paragraph 189 of the Complaint purports to characterize Section 36(b) of the 1940 Act, JPMIM states that the text of that provision speaks for itself and denies any characterization inconsistent with its terms.  To the extent that Paragraph 189 of the

ACTIVE/84509433.7

Complaint purports to state conclusions of law, no responsive pleading is required. JPMIM otherwise denies the allegations in Paragraph 189 of the Complaint.

190. JPMIM denies the allegations in Paragraph 190 of the Complaint.

191. JPMIM denies the allegations in Paragraph 191 of the Complaint.

192. JPMIM admits that Plaintiffs purport to seek certain relief on behalf of the Mid Cap Value Fund and denies that Plaintiffs are entitled to any such relief. JPMIM otherwise denies the allegations in Paragraph 192 of the Complaint.

193. JPMIM admits that Plaintiffs purport to seek certain relief on behalf of the Mid Cap Value Fund and denies that Plaintiffs are entitled to any such relief. JPMIM otherwise denies the allegations in Paragraph 193 of the Complaint.

194. JPMIM incorporates the foregoing responses to Paragraphs 1-185 of the Complaint as though repeated herein.

195. JPMIM admits that Plaintiffs purport to bring Count II on behalf of and for the benefit of the Large Cap Growth Fund and denies that Plaintiffs are entitled to any relief.

196. JPMIM admits the allegations in Paragraph 196 of the Complaint.

197. To the extent that Paragraph 197 of the Complaint purports to characterize Section 36(b) of the 1940 Act, JPMIM states that the text of that provision speaks for itself and denies any characterization inconsistent with its terms. To the extent that Paragraph 197 of the Complaint purports to state conclusions of law, no responsive pleading is required. JPMIM otherwise denies the allegations in Paragraph 197 of the Complaint.

198. JPMIM denies the allegations in Paragraph 198 of the Complaint.

199. JPMIM denies the allegations in Paragraph 199 of the Complaint.

ACTIVE/84509433.7

200.     JPMIM admits that Plaintiffs purport to seek certain relief on behalf of the Large Cap Growth Fund and denies that Plaintiffs are entitled to any such relief.  JPMIM otherwise denies the allegations in Paragraph 200 of the Complaint.

201.     JPMIM admits that Plaintiffs purport to seek certain relief on behalf of the Large Cap Growth Fund and denies that Plaintiffs are entitled to any such relief.  JPMIM otherwise denies the allegations in Paragraph 201 of the Complaint.

202.     JPMIM incorporates the foregoing responses to Paragraphs 1-185 of the Complaint as though repeated herein.

203.     JPMIM admits that Plaintiffs purport to bring Count III on behalf of and for the benefit of the Value Advantage Fund and denies that Plaintiffs are entitled to any relief.

204.     JPMIM admits the allegations in Paragraph 204 of the Complaint.

205.     To the extent that Paragraph 205 of the Complaint purports to characterize Section 36(b) of the 1940 Act, JPMIM states that the text of that provision speaks for itself and denies any characterization inconsistent with its terms.  To the extent that Paragraph 205 of the Complaint purports to state conclusions of law, no responsive pleading is required.  JPMIM otherwise denies the allegations in Paragraph 205 of the Complaint.

206.     JPMIM denies the allegations in Paragraph 206 of the Complaint.

207.     JPMIM denies the allegations in Paragraph 207 of the Complaint.

208.     JPMIM admits that Plaintiffs purport to seek certain relief on behalf of the Value Advantage Fund and denies that Plaintiffs are entitled to any such relief.  JPMIM otherwise denies the allegations in Paragraph 208 of the Complaint.

ACTIVE/84509433.7

209.    JPMIM admits that Plaintiffs purport to seek certain relief on behalf of the Value Advantage Fund and denies that Plaintiffs are entitled to any such relief.  JPMIM otherwise denies the allegations in Paragraph 209 of the Complaint.

210.    Paragraph 210 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM incorporates the foregoing responses to Paragraphs 1-185 of the Complaint as though repeated herein.

211.    Paragraph 211 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM admits that Plaintiffs purport to bring Count IV on behalf of and for the benefit of the Mid Cap Value Fund and denies that Plaintiffs are entitled to any relief.

212.    Paragraph 212 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM admits the allegations in Paragraph 212 of the Complaint.

213.     Paragraph 213 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM admits the allegations in Paragraph 213 of the Complaint.

214.    Paragraph 214 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM states that to the extent that Paragraph 214 of the Complaint purports to characterize Section 36(b) of the 1940 Act, the text of that provision speaks for itself and JPMIM denies any characterization inconsistent with its terms.  To the extent that Paragraph 214 of the Complaint

ACTIVE/84509433.7

purports to state conclusions of law, no responsive pleading is required.  JPMIM otherwise denies the allegations in Paragraph 214 of the Complaint.

215.    Paragraph 215 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM denies the allegations in Paragraph 215 of the Complaint.

216.    Paragraph 216 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM denies the allegations in Paragraph 216 of the Complaint.

217.    Paragraph 217 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM admits that Plaintiffs purport to seek certain relief on behalf of the Mid Cap Value Fund and denies that Plaintiffs are entitled to any such relief.  JPMIM otherwise denies the allegations in Paragraph 217 of the Complaint.

218.    Paragraph 218 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM admits that Plaintiffs purport to seek certain relief on behalf of the Mid Cap Value Fund and denies that Plaintiffs are entitled to any such relief.  JPMIM otherwise denies the allegations in Paragraph 218 of the Complaint.

219.    Paragraph 219 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM incorporates the foregoing responses to Paragraphs 1-185 of the Complaint as though repeated herein.

220.     Paragraph 220 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM admits that Plaintiffs purport to bring Count V on behalf of and for the benefit of the Large Cap Growth Fund and denies that Plaintiffs are entitled to any relief.

221.     Paragraph 221 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM admits the allegations in Paragraph 221of the Complaint.

222.     Paragraph 222 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM admits the allegations in Paragraph 222 of the Complaint.

223.     Paragraph 223 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM states that to the extent that Paragraph 223 of the Complaint purports to characterize Section 36(b) of the 1940 Act, the text of that provision speaks for itself and JPMIM denies any characterization inconsistent with its terms.  To the extent that Paragraph 223 of the Complaint purports to state conclusions of law, no responsive pleading is required.  JPMIM otherwise denies the allegations in Paragraph 223 of the Complaint.

224.     Paragraph 224 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM denies the allegations in Paragraph 224 of the Complaint.

225.     Paragraph 225 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM denies the allegations in Paragraph 225 of the Complaint.

ACTIVE/84509433.7

226.    Paragraph 226 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM admits that Plaintiffs purport to seek certain relief on behalf of the Large Cap Growth Fund and denies that Plaintiffs are entitled to any such relief.  JPMIM otherwise denies the allegations in Paragraph 226 of the Complaint.

227.    Paragraph 227 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM admits that Plaintiffs purport to seek certain relief on behalf of the Large Cap Growth Fund and denies that Plaintiffs are entitled to any such relief.  JPMIM otherwise denies the allegations in Paragraph 227 of the Complaint.

228.    Paragraph 228 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM incorporates the foregoing responses to Paragraphs 1-185 of the Complaint as though repeated herein.

229.    Paragraph 229 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM admits that Plaintiffs purport to bring Count VI on behalf of and for the benefit of the Value Advantage Fund and denies that Plaintiffs are entitled to any relief.

230.    Paragraph 230 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM admits the allegations in Paragraph 230 of the Complaint.

ACTIVE/84509433.7

231.     Paragraph 231 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM admits the allegations in Paragraph 231 of the Complaint.

232.     Paragraph 232 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM states that to the extent that Paragraph 232 of the Complaint purports to characterize Section 36(b) of the 1940 Act, the text of that provision speaks for itself and JPMIM denies any characterization inconsistent with its terms.  To the extent that Paragraph 232 of the Complaint purports to state conclusions of law, no responsive pleading is required.  JPMIM otherwise denies the allegations in Paragraph 232 of the Complaint.

233.     Paragraph 233 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM denies the allegations in Paragraph 233 of the Complaint.

234.     Paragraph 234 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM denies the allegations in Paragraph 234 of the Complaint.

235.     Paragraph 235 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM admits that Plaintiffs purport to seek certain relief on behalf of the Value Advantage Fund and denies that Plaintiffs are entitled to any such relief.  JPMIM otherwise denies the allegations in Paragraph 235 of the Complaint.

236.     Paragraph 236 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM

ACTIVE/84509433.7

admits that Plaintiffs purport to seek certain relief on behalf of the Value Advantage Fund and denies that Plaintiffs are entitled to any such relief.  JPMIM otherwise denies the allegations in Paragraph 236 of the Complaint.

237.    Paragraph 237 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM incorporates the foregoing responses to Paragraphs 1-185 of the Complaint as though repeated herein.

238.    Paragraph 238 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM admits that Plaintiffs purport to bring Count VII on behalf of and for the benefit of the Strategic Income Opportunities Fund and denies that Plaintiffs are entitled to any relief.

239.    Paragraph 239 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM admits the allegations in Paragraph 239 of the Complaint.

240.    Paragraph 240 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM admits the allegations in Paragraph 240 of the Complaint.

241.    Paragraph 241 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM states that to the extent that Paragraph 241 of the Complaint purports to characterize Section 36(b) of the 1940 Act, the text of that provision speaks for itself and JPMIM denies any characterization inconsistent with its terms.  To the extent that Paragraph 241 of the Complaint

purports to state conclusions of law, no responsive pleading is required.  JPMIM otherwise denies the allegations in Paragraph 241 of the Complaint.

242.    Paragraph 242 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM denies the allegations in Paragraph 242 of the Complaint.

243.    Paragraph 243 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM denies the allegations in Paragraph 243 of the Complaint.

244.    Paragraph 244 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM admits that Plaintiffs purport to seek certain relief on behalf of the Strategic Income Opportunities Fund and denies that Plaintiffs are entitled to any such relief.  JPMIM otherwise denies the allegations in Paragraph 244 of the Complaint.

245.    Paragraph 245 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM admits that Plaintiffs purport to seek certain relief on behalf of the Strategic Income Opportunities Fund and denies that Plaintiffs are entitled to any such relief.  JPMIM otherwise denies the allegations in Paragraph 245 of the Complaint.

246.    Paragraph 246 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM incorporates the foregoing responses to Paragraphs 1-185 of the Complaint as though repeated herein.

ACTIVE/84509433.7

247.     Paragraph 247 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM admits that Plaintiffs purport to bring Count VIII on behalf of and for the benefit of the US Equity Fund and denies that Plaintiffs are entitled to any relief.

248.     Paragraph 248 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM admits the allegations in Paragraph 248 of the Complaint.

249.     Paragraph 249 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM admits the allegations in Paragraph 249 of the Complaint.

250.     Paragraph 250 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM states that to the extent that Paragraph 250 of the Complaint purports to characterize Section 36(b) of the 1940 Act, the text of that provision speaks for itself and JPMIM denies any characterization inconsistent with its terms.  To the extent that Paragraph 250 of the Complaint purports to state conclusions of law, no responsive pleading is required.  JPMIM otherwise denies the allegations in Paragraph 250 of the Complaint.

251.     Paragraph 251 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM denies the allegations in Paragraph 251 of the Complaint.

252.     Paragraph 252 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM denies the allegations in Paragraph 252 of the Complaint.

ACTIVE/84509433.7

253.    Paragraph 253 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM admits that Plaintiffs purport to seek certain relief on behalf of the US Equity Fund and denies that Plaintiffs are entitled to any such relief.  JPMIM otherwise denies the allegations in Paragraph 253 of the Complaint.

254.    Paragraph 254 of the Complaint does not make any claim or allegation against JPMIM and therefore no response is required.  To the extent a response is required, JPMIM admits that Plaintiffs purport to seek certain relief on behalf of the US Equity Fund and denies that Plaintiffs are entitled to any such relief.  JPMIM otherwise denies the allegations in Paragraph 254 of the Complaint.

## AFFIRMATIVE DEFENSES

JPMIM  advances the following defenses to the Complaint.  The defenses asserted below will apply, or will not apply, in varying degrees to each Plaintiff, depending upon the particular factual circumstances of each Plaintiff.  Each defense asserted against a claim or requested relief is asserted as to every claim or requested relief, in whole or in part, unless otherwise stated.  By setting forth these defenses, JPMIM  does not assume the burden of proving any fact, issue or element of a cause of action where such burden properly belongs to Plaintiffs.  Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations.

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

ACTIVE/84509433.7

<u>Second Defense</u>

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations and the one-year "look-back" statutory limitation on damages.

<u>Third Defense</u>

Plaintiffs' claims are barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, ratification, disclosure and/or consent.

<u>Fourth Defense</u>

Plaintiffs lack standing to bring the claims asserted in the Complaint.

<u>Fifth Defense</u>

To the extent that this action seeks exemplary or punitive damages, any such relief would violate JPMIM's rights to procedural and substantive due process.

<u>Sixth Defense</u>

JPMIM did not engage in any conduct which would constitute a breach of fiduciary duty.

<u>Seventh Defense</u>

Plaintiffs have not suffered any losses or damages proximately caused by their investment in the Funds or by any breach of fiduciary duty alleged in the Complaint.

<u>Eighth Defense</u>

When Plaintiffs became alleged shareholders of the Funds, they were or should have been aware that a majority of the Board had already approved a fee schedule that provided for compensation to JPMIM and a fee schedule that provided for compensation to JPMFM equal to or greater than the compensation JPMIM and JPMFM now receive.  Plaintiffs were fully informed of all material facts concerning investing in the Funds, including the level and calculation of a Fund adviser's compensation and Fund administrator's compensation, and

ACTIVE/84509433.7

knowingly entered into the investment.  On this basis, Plaintiffs are estopped and precluded from maintaining this action on behalf of the Funds.

<u>Ninth Defense</u>

JPMIM acted at all times and in all respects in good faith and with due care.

<u>Tenth Defense</u>

The independent trustees or independent directors of the Funds received adequate information from JPMIM and JPMFM and exercised good faith business judgment in approving the IAAs and the Administration Agreement in effect when Plaintiffs allegedly became shareholders, and in subsequently approving renewals and/or amendments of the IAAs and the Administration Agreement.

<u>Eleventh Defense</u>

There is no disaggregation of fees or services under Section 36(b).  Plaintiffs' claims are barred because as a whole, the fees for each of the Funds is not so disproportionately large that the fees bear no reasonable relationship to the value of the services provided by JPMIM and JPMFM.

<u>Twelfth Defense</u>

Plaintiffs may not obtain rescission under Section 47(b) of the 1940 Act, 15 U.S.C. § 80a-46(b), because rescission is not available as a remedy for purported violations of Section 36(b).  Further, Plaintiffs lack standing to pursue a request for rescission.  Thus, any claim for rescission is barred.

<u>Thirteenth Defense</u>

Plaintiffs are not entitled to a jury trial for an alleged violation of Section 36(b) of the 1940 Act.

ACTIVE/84509433.7

<u>Fourteenth Defense</u>

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate any alleged losses.

## **RESERVATION OF RIGHTS**

JPMIM reserves the right to assert, and hereby gives notice that JPMIM intends to rely upon, any other defense that may become available or appear during discovery or otherwise in this case and hereby reserves the right to amend the Answer to assert such defenses.

Respectfully submitted,

/s/ Steven W. Tigges

Mark Holland (admitted *pro hac vice*)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel:    (212) 813-8800
Fax:    (212) 355-3333
Email: mholland@goodwinprocter.com

Michael K. Isenman (admitted *pro hac vice*)
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC 20001
Tel:    (202) 346-4000
Fax:    (202) 346-4444
Email: misenman@goodwinprocter.com

Steven W. Tigges (0019288), Trial Attorney
Bradley T. Ferrell (0070965)
ZEIGER, TIGGES & LITTLE LLP
41 South High Street
3500 Huntington Center
Columbus, OH 43215
Tel:    (614) 365-9900
Fax:    (614) 365-7900
Email: tigges@litohio.com
            ferrell@litohio.com

*Attorneys for Defendant J.P. Morgan Investment Management, Inc.*

Dated:  December 21, 2015

40

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2015, I have caused the foregoing

Answer Of Defendant J.P. Morgan Investment Management, Inc. to be electronically filed with

the Clerk of Court using the CM/ECF system, which will then send a notification of such filing

("NEF") to the following:

David P. Meyer
Matthew R. Wilson
Michael J. Boyle, Jr.
MEYER WILSON CO., LPA
1320 Dublin Road, Suite 100
Columbus, OH 43215

Andrew W. Robertson
Robin F. Zwerling
Jeffrey C. Zwerling
Susan Salvetti
ZWERLING, SCHACHTER & ZWERLING, LLP
41 Madison Avenue
New York, NY 10010

Stephen J. Oddo
Jenny L. Dixon
Daniel L. Sachs
ROBBINS ARROYO LLP
600 B Street, Suite 1900
San Diego, CA 92101


   /s/ Steven W. Tigges