## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Campbell Family Trust, et al., | : | Civil No. 2:15-CV-2923 |
| | : | |
| Plaintiffs, | : | Judge Frost |
| | : | |
| | : | Magistrate Judge King |
| | : | |
| v. | : | |
| | : | |
| J.P. Morgan Investment Management, Inc., | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

## ANSWER OF DEFENDANT JPMORGAN FUNDS MANAGEMENT, INC.

Defendant JPMorgan Funds Management, Inc. ("JPMFM") hereby answers and

otherwise responds to the complaint in the above-captioned matter (the "Complaint").  JPMFM

answers only for itself, and not for the other defendants named in the Complaint.[1]

JPMFM denies each and every allegation of the Complaint not expressly admitted below,

and denies that plaintiffs Campbell Family Trust, Jack Hornstein, Anne H. Bradley, Casey

Leblanc, Jacqueline Peiffer, Joseph Lipovick and Valderrama Family Trust (collectively,

"Plaintiffs") are entitled to any of the relief they seek.  Unnumbered paragraphs in the Complaint

do not require a responsive pleading.  To the extent a response is required, JPMFM denies the

allegations in any unnumbered paragraphs.

1.  JPMFM admits that Plaintiffs purport to bring this action pursuant to Section

36(b) of the Investment Company Act of 1940 (the "1940 Act"), but denies that Plaintiffs have

---

[1] J.P. Morgan Investment Management Inc. ("JPMIM") answered the Complaint on December 21, 2015.  No. 2:15-cv-02923-GLF-NMK, Dkt. No. 31.  The Court dismissed JPMorgan Chase Bank, N.A. ("JPMCB") as a defendant in its Opinion and Order of February 26, 2016.  No. 2:15-cv-02923-GLF-NMK, Dkt. No. 44.

any claim under that section and otherwise denies the allegations in Paragraph 1 of the Complaint.

2. JPMFM admits that JPMIM is the investment adviser of the Mid Cap Value Fund, the Large Cap Growth Fund, and the Value Advantage Fund (collectively, the "Advisory Claim Funds") and that JPMIM receives a fee from the each of the Advisory Claim Funds for providing investment advisory services, including, among other things, managing each Advisory Claim Fund's portfolio of assets. JPMFM otherwise denies the allegations in Paragraph 2 of the Complaint.

3. To the extent that Paragraph 3 of the Complaint purports to characterize Section 36(b) of the 1940 Act, JPMFM states that the text of that provision speaks for itself and denies any characterization inconsistent with its terms. To the extent that Paragraph 3 of the Complaint purports to state conclusions of law, no responsive pleading is required. JPMFM otherwise denies the allegations in Paragraph 3 of the Complaint.

4. JPMFM denies the allegations in Paragraph 4 of the Complaint.

5. JPMFM denies the allegations in Paragraph 5 of the Complaint.

6. JPMFM denies the allegations in Paragraph 6 of the Complaint.

7. JPMFM denies the allegations in Paragraph 7 of the Complaint.

8. JPMFM admits that the aggregate investment advisory fees paid by the Advisory Claim Funds were less than $45.7 million in the fiscal year ended June 30, 2008 and otherwise denies the allegations in Paragraph 8 of the Complaint.

9. JPMFM denies the allegations in Paragraph 9 of the Complaint

10. JPMFM denies the allegations in Paragraph 10 of the Complaint.

ACTIVE/85306372.4

11.     JPMFM admits that it is an affiliate of JPMIM, and that JPMFM is the administrator to the Advisory Claim Funds, the Strategic Income Opportunities Fund and the US Equity Fund (collectively the "Funds").

12.     JPMFM admits that it receives a fee from each of the Funds for providing certain administrative services.  JPMFM otherwise denies the allegations in Paragraph 12 of the Complaint.

13.     JPMFM admits that JPMCB is an affiliate of JPMFM, and that JPMCB is the sub-administrator to the Funds.  JPMFM otherwise denies the allegations in Paragraph 13 of the Complaint.

14.     To the extent that Paragraph 14 of the Complaint purports to characterize Section 36(b) of the 1940 Act, JPMFM states that the text of that provision speaks for itself and denies any characterization inconsistent with its terms.  To the extent that Paragraph 14 of the Complaint purports to state conclusions of law, no responsive pleading is required.  JPMFM otherwise denies the allegations in Paragraph 14 of the Complaint.

15.     JPMFM denies the allegations in Paragraph 15 of the Complaint.

16.     JPMFM denies the allegations in Paragraph 16 of the Complaint.

17.     JPMFM denies the allegations in Paragraph 17 of the Complaint.

18.     To the extent that Paragraph 18 of the Complaint purports to state conclusions of law, no responsive pleading is required.  JPMFM otherwise denies the allegations in Paragraph 18 of the Complaint.

19.     Paragraph 19 of the Complaint purports to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, JPMFM denies the allegations in Paragraph 19 of the Complaint.

ACTIVE/85306372.4

20.    Paragraph 20 of the Complaint purports to state conclusions of law to which no responsive pleading is required.

21.    Without admitting each allegation in Paragraph 21 of the Complaint, JPMFM admits that venue is proper in this judicial district.

22.    JPMFM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and on that basis denies the allegations.

23.    JPMFM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and on that basis denies the allegations.

24.    JPMFM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and on that basis denies the allegations.

25.    JPMFM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and on that basis denies the allegations.

26.    JPMFM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and on that basis denies the allegations.

27.    JPMFM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and on that basis denies the allegations.

28.    JPMFM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and on that basis denies the allegations.

29.    JPMFM admits the allegations in Paragraph 29 of the Complaint.

30.    JPMFM admits the allegations in Paragraph 30 of the Complaint.

31.    JPMFM admits the allegations in Paragraph 31 of the Complaint.

32.    JPMFM admits the allegations in Paragraph 32 of the Complaint.

4

33.     JPMFM denies that JPMCB is a defendant in this action, and otherwise admits the allegations in Paragraph 33 of the Complaint.

34.     JPMFM admits the allegations in Paragraph 34 of the Complaint.

35.     JPMFM admits that each Fund is a series of an open-end management investment company registered under the 1940 Act, and that each Fund is commonly referred to as a mutual fund.  JPMFM otherwise denies the allegations in Paragraph 35 of the Complaint.

36.     JPMFM admits that the Value Advantage Fund, Strategic Opportunities Fund and US Equity Fund are organized as series within JP Morgan Trust I ("TRUST I"), a statutory trust formed under Delaware law pursuant to a Declaration of Trust.  JPMFM admits that the Value Advantage Fund, Strategic Opportunities Fund and US Equity Fund are among the mutual funds comprised within TRUST I.  JPMFM otherwise denies the allegations in Paragraph 36 of the Complaint.

37.     JPMFM admits that the Large Cap Growth Fund is organized as a series within JP Morgan Trust II ("TRUST II"), a statutory trust formed under Delaware law pursuant to a Declaration of Trust.  JPMFM admits that TRUST II comprises more than 30 mutual funds, including the Large Cap Growth Fund.  JPMFM otherwise denies the allegations in Paragraph 37 of the Complaint.

38.     JPMFM admits that the Mid Cap Value Fund is a series of the J.P. Morgan Fleming Mutual Fund Group, Inc. (the "Fleming Group"), an open-end management investment company organized as a Maryland corporation.  JPMFM otherwise denies the allegations in Paragraph 38 of the Complaint.

39.     JPMFM admits that the Complaint collectively refers to the mutual funds comprising TRUST I, TRUST II, and the Fleming Group as the "JP Mutual Funds."

ACTIVE/85306372.4

40. JPMFM admits that the Funds are collective investments that pool money from investors and invest the money in a portfolio of securities or other assets. JPMFM otherwise denies the allegations in Paragraph 40 of the Complaint.

41. JPMFM admits that each Fund issues shares to investors that purchase shares of that Fund, and that each Fund share represents a pro rata interest in the Fund's net assets. JPMFM otherwise denies the allegations in Paragraph 41 of the Complaint.

42. JPMFM admits the allegations in Paragraph 42 of the Complaint.

43. JPMFM admits that JPMIM serves as each Fund's investment adviser and, in that capacity, is responsible for, among other things, managing each Fund's portfolio of assets, including, among other things, researching potential investments and deciding which securities will be purchased for or sold from the portfolio. JPMFM otherwise denies the allegations in Paragraph 43 of the Complaint.

44. JPMFM admits that it serves as each Fund's administrator and, in that capacity, provides certain administrative services to the Funds. JPMFM otherwise denies the allegations in Paragraph 44 of the Complaint.

45. JPMFM denies that JPMCB is a defendant in this action. JPMFM admits that JPMCB serves as each Fund's sub-administrator and, in that capacity, provides certain services to the Funds. JPMFM otherwise denies the allegations in Paragraph 45 of the Complaint.

46. JPMFM admits that other service providers, including among others affiliates of JPMFM, provide certain other services to the Funds. JPMFM otherwise denies the allegations in Paragraph 46 of the Complaint.

47. JPMFM admits that TRUST I and TRUST II each have a board of trustees that oversees the management of the Funds within the respective trust, and that the Complaint

6

purports to refer to both boards as the "Board."  JPMFM otherwise denies the allegations in Paragraph 47 of the Complaint.

48.     JPMFM admits that the boards of trustees of TRUST I and TRUST II consist of the same members, and that boards comprising these members oversee the management of each of the Funds.  JPMFM otherwise denies the allegations in Paragraph 48 of the Complaint.

49.     JPMFM admits that JPMIM serves as investment adviser to the Value Advantage Fund pursuant to an Investment Advisory Agreement between JPMIM and TRUST I (the "TRUST I IAA").  JPMFM otherwise denies the allegations in Paragraph 49 of the Complaint.

50.     JPMFM admits that JPMIM serves as investment adviser to the Large Cap Growth Fund, and that the Complaint refers to the agreement pursuant to which JPMIM provides investment advisory services to the Large Cap Growth Fund as the "TRUST II IAA."  JPMFM otherwise denies the allegations in Paragraph 50 of the Complaint.

51.     JPMFM admits that JPMIM serves as investment adviser to the Mid Cap Value Fund, and that the Complaint refers to the agreement pursuant to which JPMIM provides investment advisory services to the Mid Cap Value Fund as the "Mid Cap Value IAA."  JPMFM otherwise denies the allegations in Paragraph 51 of the Complaint.

52.     To the extent that Paragraph 52 of the Complaint purports to characterize the TRUST I IAA, the TRUST II IAA, and the Mid Cap Value IAA, JPMFM states that the documents speak for themselves and denies any characterization inconsistent with their terms. JPMFM admits that the documents are collectively referred to within the Complaint as the "IAAs," and otherwise denies the allegations in Paragraph 52 of the Complaint.

53.     To the extent that Paragraph 53 of the Complaint purports to characterize the IAAs, JPMFM states that the documents speak for themselves and denies any characterization

inconsistent with their terms. JPMFM otherwise denies the allegations in Paragraph 53 of the Complaint.

54.     Paragraph 54 of the Complaint purports to state conclusions of law to which no responsive pleading is required. To the extent that Paragraph 54 of the Complaint purports to characterize the IAAs, JPMFM states that the documents speak for themselves and denies any characterization inconsistent with their terms. JPMFM otherwise denies the allegations in Paragraph 54 of the Complaint.

55.     JPMFM admits that the prospectuses for each Advisory Claim Fund disclose certain information about investment advisory services and about, among other things, the Funds' investment objective, the types of securities in which the Funds invest and the investment strategies employed. JPMFM also admits that each Advisory Claim Fund's prospectus is filed with the SEC at least annually. JPMFM otherwise denies the allegations in Paragraph 55 of the Complaint.

56.     To the extent that Paragraph 56 of the Complaint purports to characterize the Mid Cap Value Fund's prospectus dated November 1, 2014 (the "Mid Cap Value Fund Prospectus"), JPMFM states that the document speaks for itself and denies any characterization inconsistent with its terms. JPMFM otherwise denies the allegations in Paragraph 56 of the Complaint.

57.     To the extent that Paragraph 57 of the Complaint purports to characterize or quote from the Mid Cap Value Fund Prospectus, JPMFM states that the document speaks for itself and denies any characterization inconsistent with its terms. JPMFM otherwise denies the allegations in Paragraph 57 of the Complaint.

8

58.     JPMFM admits that Jonathan K.L. Simon, Lawrence E. Playford and Gloria H. Fu are the Mid Cap Value Fund's portfolio managers.  JPMFM otherwise denies the allegations in Paragraph 58 of the Complaint.

59.     JPMFM denies the allegations in Paragraph 59 of the Complaint.

60.     JPMFM denies the allegations in Paragraph 60 of the Complaint.

61.     JPMFM admits that Giri Devulapally is the Large Cap Growth Fund's portfolio manager.  JPMFM otherwise denies the allegations in Paragraph 61 of the Complaint.

62.     To the extent that Paragraph 62 of the Complaint purports to characterize the Value Advantage Fund's prospectus dated November 1, 2014 (the "Value Advantage Fund Prospectus"), JPMFM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise denies the allegations in Paragraph 62 of the Complaint.

63.     To the extent that Paragraph 63 of the Complaint purports to characterize the Value Advantage Fund Prospectus, JPMFM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise denies the allegations in Paragraph 63 of the Complaint.

64.     JPMFM admits that Jonathan K.L. Simon, Lawrence E. Playford and Gloria H. Fu are the Value Advantage Fund's portfolio managers.  JPMFM otherwise denies the allegations in Paragraph 64 of the Complaint.

65.     Paragraph 65 of the Complaint purports to state conclusions of law to which no responsive pleading is required.

ACTIVE/85306372.4

66.     JPMFM admits that the Funds' investment teams are supported by, among others, legal, compliance and administrative personnel.  JPMFM otherwise denies the allegations in Paragraph 66 of the Complaint.

67.     JPMFM admits that each Advisory Claim Fund pays JPMIM a fee that is calculated as a percentage of the Fund's net assets under management ("AUM").  JPMFM otherwise denies the allegations in Paragraph 67 of the Complaint.

68.     JPMFM admits that the Mid Cap Value Fund's gross investment advisory fee rate, on an annual basis and before any fee waivers are taken into account, is 0.65% of the Fund's AUM.  JPMFM admits that the Large Cap Growth Fund's gross investment advisory fee rate, on an annual basis and before any fee waivers are taken into account, is 0.50% of the Fund's AUM.  JPMFM admits that the Value Advantage Fund's gross investment advisory fee rate, on an annual basis and before any fee waivers are taken into account, is 0.65% of the Fund's AUM.  JPMFM denies that each of the Advisory Claim Funds was charged the gross investment advisory fee rate and otherwise denies the allegations in Paragraph 68 of the Complaint.

69.      JPMFM denies the allegations in Paragraph 69 of the Complaint.

70.     JPMFM admits that JPMIM provides investment advisory services to certain unaffiliated persons or entities, and that JPMIM provides investment subadvisory services to certain unaffiliated mutual funds.  JPMFM otherwise denies the allegations in Paragraph 70 of the Complaint.

71.     JPMFM admits that (a) the investment adviser to the LVIP Mid Cap Value RPM Fund (the "LVIP Mid Cap Value Fund") has contracted with JPMIM for JPMIM to serve as a subadviser to that fund; (b) the investment adviser to the VY JPMorgan Mid Cap Value Portfolio

(the "VY Mid Cap Value Fund") has contracted with JPMIM for JPMIM to serve as a subadviser to that fund; (c) the investment adviser to the Transamerica JP Morgan Mid Cap Value VP (the "Transamerica Mid Cap Value Fund") has contracted with JPMIM for JPMIM to serve as a subadviser to that fund; (d) the investment adviser to the Great West/Multi-Manager Large Cap Growth Fund (the "Subadvised Large Cap Growth Fund") has contracted with JPMIM for JPMIM to serve as a subadviser to that fund; and (e) the investment adviser to the Pacific Select Fund JPMorgan Value Advantage Portfolio (the "Subadvised Value Advantage Fund") has contracted with JPMIM for JPMIM to serve as a subadviser to that fund.  JPMFM also admits that the Complaint refers to these funds collectively as the "Subadvised Funds."  JPMFM otherwise denies the allegations in Paragraph 71 of the Complaint.

72.     JPMFM admits the allegations in Paragraph 72 of the Complaint.

73.     JPMFM admits that each of the Subadvised Funds is a series of an open-end management investment company registered under the 1940 Act.  JPMFM otherwise denies the allegations in Paragraph 73 of the Complaint.

74.     JPMFM admits that each of the Subadvised Funds is organized as a series of a business trust, a statutory trust, or a corporation organized under state law.  JPMFM otherwise denies the allegations in Paragraph 74 of the Complaint.

75.     JPMFM admits that each Subadvised Fund issues shares to investors that purchase shares of that fund, and that each fund share represents a pro rata interest in the fund's net assets.  JPMFM otherwise denies the allegations in Paragraph 75 of the Complaint.

76.     JPMFM admits that each Subadvised Fund's financial institution sponsor, or an affiliate thereof, serves as that fund's investment adviser.  JPMFM admits each Subadvised Fund's investment adviser has entered into an advisory agreement with that fund and receives

11

investment advisory fees from that fund.  JPMFM otherwise denies the allegations in Paragraph 76 of the Complaint.

77.     JPMFM admits that the investment adviser of each of the Subadvised Funds has entered into an investment subadvisory agreement with JPMIM for JPMIM to serve as a subadviser to that fund.  To the extent that Paragraph 77 of the Complaint purports to characterize the subadvisory agreements between JPMIM and each of the Subadvised Funds' investment advisers, JPMFM states that each such subadvisory agreement speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise denies the allegations in Paragraph 77 of the Complaint.

78.     JPMFM admits that, with respect to each Subadvised Fund, the subadvisory fee that JPMIM receives for serving as a subadviser to that fund is paid by the fund's investment adviser.  JPMFM otherwise denies the allegations in Paragraph 78 of the Complaint.

79.     JPMFM denies the allegations in Paragraph 79 of the Complaint.

80.     To the extent that Paragraph 80 of the Complaint purports to characterize the subadvisory agreements between JPMIM and the Subadvised Funds' investment advisers, JPMFM states that each of those agreements speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise denies the allegations in Paragraph 80 of the Complaint.

81.     Paragraph 81 of the Complaint purports to state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 81 of the Complaint purports to characterize a subadvisory agreement, JPMFM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise denies the allegations in Paragraph 81 of the Complaint.

82.     To the extent that Paragraph 82 of the Complaint purports to characterize a Fund prospectus or a Subadvised Fund prospectus, JPMFM states that each document speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise denies the allegations in Paragraph 82 of the Complaint.

83.     JPMFM admits that Jonathan K.L. Simon, Lawrence E. Playford and Gloria H. Fu serve as portfolio managers to the Mid Cap Value Fund and serve as portfolio managers to the Subadvised Mid Cap Value Funds.  JPMFM otherwise denies the allegations in Paragraph 83 of the Complaint.

84.     JPMFM admits that JPMIM uses some of the same strategies and resources (including some of the same systems and technology) in connection with providing subadvisory services to the Subadvised Mid Cap Value Funds that JPMIM uses in connection with providing investment advisory services to the Mid Cap Value Fund.  JPMFM otherwise denies the allegations in Paragraph 84 of the Complaint.

85.     To the extent that Paragraph 85 of the Complaint purports to characterize a fund prospectus or a Subadvised fund prospectus, JPMFM states that each document speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise denies the allegations in Paragraph 85 of the Complaint.

86.     JPMFM admits that Giri Devulapally serves as the portfolio manager to the Large Cap Growth Fund and serves as the portfolio manager to the Subadvised Large Cap Growth Fund.  JPMFM otherwise denies the allegations in Paragraph 86 of the Complaint.

87.     JPMFM admits that JPMIM uses some of the same strategies and resources (including some of the same systems and technology) in connection with providing subadvisory services to the Subadvised Large Cap Growth Fund that JPMIM uses in connection with

13

providing investment advisory services to the Large Cap Growth Fund.  JPMFM otherwise denies the allegations in Paragraph 87 of the Complaint.

88.     To the extent that Paragraph 88 of the Complaint purports to characterize a Fund prospectus or a Subadvised Fund prospectus, JPMFM states that each document speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise denies the allegations in Paragraph 88 of the Complaint.

89.     JPMFM admits that Jonathan K.L. Simon, Lawrence E. Playford and Gloria H. Fu serve as portfolio managers to the Value Advantage Fund and serve as portfolio managers to the Subadvised Value Advantage Fund.  JPMFM otherwise denies the allegations in Paragraph 89 of the Complaint.

90.     JPMFM admits that JPMIM uses some of the same strategies and resources (including some of the same systems and technology) in connection with providing subadvisory services to the Subadvised Value Advantage Fund that JPMIM uses in connection with providing investment advisory services to the Value Advantage Fund.  JPMFM otherwise denies the allegations in Paragraph 90 of the Complaint.

91.     Paragraph 91 of the Complaint purports to state conclusions of law to which no responsive pleading is required.  To the extent a response is required, JPMFM denies the allegations in Paragraph 91 of the Complaint

92.     JPMFM denies the allegations in Paragraph 92 of the Complaint.

93.     JPMFM admits that, with respect to each Subadvised Fund, the amount of subadvisory fees JPMIM receives from the investment adviser of the fund to serve as the subadviser of the fund is less than the amount of advisory fees JPMIM receives from the

corresponding Fund to serve as its investment adviser.  JPMFM otherwise denies the allegations in Paragraph 93 of the Complaint.

94.     JPMFM denies the allegations in Paragraph 94 of the Complaint.

95.     JPMFM denies the allegations in Paragraph 95 of the Complaint.

96.     JPMFM denies the allegations in Paragraph 96 of the Complaint.

97.     JPMFM denies the allegations in Paragraph 97 of the Complaint.

98.     JPMFM denies the allegations in Paragraph 98 of the Complaint.

99.     JPMFM denies the allegations in Paragraph 99 of the Complaint.

100.    JPMFM denies the allegations in Paragraph 100 of the Complaint.

101.    JPMFM denies the allegations in Paragraph 101 of the Complaint.

102.    JPMFM admits that the Mid Cap Value Fund's AUM were approximately $5.8 billion as of fiscal year 2008, approximately $15.9 billion as of June 30, 2015, and approximately $15 billion as of August 31, 2015.  JPMFM otherwise denies the allegations in Paragraph 102 of the Complaint.

103.    JPMFM admits that the Mid Cap Value Fund paid less than $38.2 million in advisory fees in fiscal year 2008 and otherwise denies the allegations in Paragraph 103 of the Complaint.

104.    JPMFM admits that the Large Cap Growth Fund's AUM were approximately $910 million as of fiscal year 2008, approximately $15.6 billion as of June 30, 2015, and approximately $15 billion as of August 31, 2015.  JPMFM otherwise denies the allegations in Paragraph 104 of the Complaint.

15

105.     JPMFM admits that the Large Cap Growth Fund paid less than $5 million in advisory fees in fiscal year 2008, and approximately $77 million in advisory fees in fiscal year 2015.  JPMFM otherwise denies the allegations in Paragraph 105 of the Complaint.

106.     JPMFM admits that the Value Advantage Fund's AUM were approximately $404 million as of fiscal year 2008, approximately $11.3 billion as of June 30, 2015, and approximately $11 billion as of August 31, 2015.  JPMFM otherwise denies the allegations in Paragraph 106 of the Complaint.

107.     JPMFM denies the allegations in Paragraph 107 of the Complaint.

108.     JPMFM denies the allegations in Paragraph 108 of the Complaint.

109.     JPMFM denies the allegations in Paragraph 109 of the Complaint.

110.     JPMFM admits that some investment advisory agreement fee schedules include breakpoints that may reduce a fund's fee rate as assets under management increase.  JPMFM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110 of the Complaint, and on that basis denies the allegations.

111.     JPMFM admits that the investment adviser of the VY Mid Cap Value Fund pays JPMIM to serve as subadviser at an annual fee rate as follows:  0.55% on the first $50 million of net assets; 0.50% on the next $50 million of net assets; 0.45% on net assets greater than $100 million.  JPMFM otherwise denies the allegations in Paragraph 111 of the Complaint.

112.     JPMFM admits that breakpoints provide one means for a fund to share in the benefits of potential economies of scale.  JPMFM otherwise denies the allegations in Paragraph 112 of the Complaint.

113.     JPMFM denies the allegations in Paragraph 113 of the Complaint.

114.    JPMFM admits that the Advisory Claim Funds' investment advisory fee schedules do not include breakpoints.  JPMFM otherwise denies the allegations in Paragraph 114 of the Complaint.

115.    JPMFM denies the allegations in Paragraph 115 of the Complaint.

116.    JPMFM admits that it serves as administrator to the Funds pursuant to an agreement between JPMFM and the Funds (the "Administration Agreement" or "JPMorgan Administration Agreement").  JPMFM otherwise denies the allegations in Paragraph 116 of the Complaint.

117.    To the extent that Paragraph 117 of the Complaint purports to characterize the Administration Agreement, JPMFM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise denies the allegations in Paragraph 117 of the Complaint.

118.    Paragraph 118 of the Complaint purports to state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 118 of the Complaint purports to characterize the Administration Agreement, JPMFM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise denies the allegations in Paragraph 118 of the Complaint.

119.    JPMFM admits that JPMCB is the Funds' sub-administrator.  JPMFM otherwise denies the allegations in Paragraph 119 of the Complaint.

120.    JPMFM admits that each Fund pays it a fee that is calculated as a percentage of the Fund's AUM, including breakpoints based on aggregate AUM of the Funds and other funds not at issue here.  JPMFM otherwise denies the allegations in Paragraph 120 of the Complaint.

121.    JPMFM denies the allegations in Paragraph 121 of the Complaint.

122.    JPMFM denies the allegations in Paragraph 122 of the Complaint.

123.    To the extent that Paragraph 123 of the Complaint purports to characterize the Administration Agreement, JPMFM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise denies the allegations in Paragraph 123 of the Complaint.

124.    JPMFM admits that the Complaint refers the ProShares Trust as the "ProShares Funds," the EQ Advisors Trust as the "EQ Funds," and collectively refers to these unaffiliated mutual funds as the "Unaffiliated Funds."  JPMFM further admits that it provides certain services to the Funds, and that JPMCB provides certain services to the Funds.  JPMFM further admits that JPMCB provides certain services to other unaffiliated funds including the ProShares Funds and the EQ Funds.  JPMFM otherwise the denies the allegations in Paragraph 124 of the Complaint.

125.    JPMFM admits that the Complaint refers to an agreement as the "ProShares Funds Agreement."  JPMFM otherwise denies the allegations in Paragraph 125 of the Complaint.

126.    JPMFM admits that AXA Equitable Funds Management Group, LLC has entered into a Mutual Funds Sub-Administration Agreement with JPMCB for JPMCB to provide certain services to the EQ Funds (the "EQ Funds Agreement").  To the extent that Paragraph 126 of the Complaint purports to characterize the EQ Funds Agreement, JPMFM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise denies the allegations in Paragraph 126 of the Complaint.

127.    JPMFM denies the allegations in Paragraph 127 of the Complaint.

128.    JPMFM denies the allegations in Paragraph 128 of the Complaint.

ACTIVE/85306372.4

Case: 2:15-cv-02923-GLF-NMK Doc #: 46 Filed: 03/11/16 Page: 19 of 40  PAGEID #: 576

129.     To the extent that Paragraph 129 of the Complaint purports to characterize the Administration Agreement, the ProShares Funds Agreement or the EQ Funds Agreement, JPMFM states that each document speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise denies the allegations in Paragraph 129 of the Complaint.

130.     To the extent that Paragraph 130 of the Complaint purports to characterize the ProShares Funds Agreement or the EQ Funds Agreement, JPMFM states that each document speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise denies the allegations in Paragraph 130 of the Complaint.

131.     JPMFM admits that JPMCB provides certain services to the Funds pursuant to an Amended and Restated Global Custody and Fund Accounting Agreement between JPMCB and the Funds, and that the Complaint refers to this agreement as the "JPMorgan Fund Accounting Agreement."  To the extent that Paragraph 131 of the Complaint purports to characterize the JPMorgan Fund Accounting Agreement, JPMFM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise denies the allegations in Paragraph 131 of the Complaint.

132.     JPMFM admits the Funds pay separate fees pursuant to the JPMorgan Fund Accounting Agreement and the JPMorgan Administration Agreement.  To the extent that Paragraph 132 of the Complaint purports to characterize the JPMorgan Administration Agreement or the JPMorgan Fund Accounting Agreement, JPMFM states that each document speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise denies the allegations in Paragraph 132 of the Complaint.

133.     JPMFM denies the allegations in Paragraph 133 of the Complaint.

ACTIVE/85306372.4

134.    To the extent that Paragraph 134 of the Complaint purports to characterize the ProShares Funds Agreement, JPMFM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise denies the allegations in Paragraph 134 of the Complaint.

135.    JPMFM denies the allegations in Paragraph 135 of the Complaint.

136.    To the extent that Paragraph 136 of the Complaint purports to characterize the EQ Funds Agreement, JPMFM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise denies the allegations in Paragraph 136 of the Complaint.

137.    JPMFM denies the allegations in Paragraph 137 of the Complaint.

138.    JPMFM denies the allegations in Paragraph 138 of the Complaint.

139.    To the extent that Paragraph 139 of the Complaint purports to characterize the Administration Agreement, the ProShares Funds Agreement or the EQ Funds Agreement, JPMFM states that each document speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise denies the allegations in Paragraph 139 of the Complaint.

140.    JPMFM denies the allegations in Paragraph 140 of the Complaint.

141.    JPMFM admits that other service providers provide other services to other mutual funds.  JPMFM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 141 of the Complaint, and on that basis denies the allegations.

142.    JPMFM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 of the Complaint, and on that basis denies the allegations.

ACTIVE/85306372.4

143.     JPMFM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 of the Complaint, and on that basis denies the allegations.

144.     JPMFM admits that State Street provides certain services to the Met Investors Series Trust and the Metropolitan Series Fund (together, the "MetLife Funds") pursuant to an agreement (the "MetLife Funds Agreement").  To the extent that Paragraph 144 of the Complaint purports to characterize the MetLife Funds Agreement, JPMFM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 of the Complaint, and on that basis denies the allegations.

145.     To the extent that Paragraph 145 of the Complaint purports to characterize the Administration Agreement or the MetLife Funds Agreement, JPMFM states that each document speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 of the Complaint, and on that basis denies the allegations.

146.     To the extent that Paragraph 146 of the Complaint purports to characterize the MetLife Funds Agreement, JPMFM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 of the Complaint, and on that basis denies the allegations.

147.     To the extent that Paragraph 147 of the Complaint purports to characterize the MetLife Funds Agreement, JPMFM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise lacks knowledge or information

ACTIVE/85306372.4

sufficient to form a belief as to the truth of the allegations in Paragraph 147 of the Complaint, and on that basis denies the allegations.

148. JPMFM denies the allegations in Paragraph 148 of the Complaint.

149. JPMFM admits that US Bank provides certain services to the Bridge Builder Bond Fund pursuant to an agreement between US Bank and the Bridge Builder Trust (the "Bridge Builder Funds Agreement"). To the extent that Paragraph 149 of the Complaint purports to characterize the Bridge Builder Funds Agreement, JPMFM states that the document speaks for itself and denies any characterization inconsistent with its terms. JPMFM otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 of the Complaint, and on that basis denies the allegations.

150. To the extent that Paragraph 150 of the Complaint purports to characterize the Administration Agreement or the Bridge Builder Funds Agreement, JPMFM states that each document speaks for itself and denies any characterization inconsistent with its terms. JPMFM otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 of the Complaint, and on that basis denies the allegations.

151. To the extent that Paragraph 151 of the Complaint purports to characterize the Bridge Builder Funds Agreement, JPMFM states that the document speaks for itself and denies any characterization inconsistent with its terms. JPMFM otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 of the Complaint, and on that basis denies the allegations.

152. JPMFM denies the allegations in Paragraph 152 of the Complaint.

153. JPMFM denies the allegations in Paragraph 153 of the Complaint.

ACTIVE/85306372.4

154.    JPMFM admits that the Funds entered into an agreement with JPMorgan Distribution Services, Inc. (the "Shareholder Servicing Agreement").  To the extent that Paragraph 154 of the Complaint purports to characterize the Shareholder Servicing Agreement, JPMFM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise denies the allegations in Paragraph 154 of the Complaint.

155.    To the extent that Paragraph 155 of the Complaint purports to characterize the Shareholder Servicing Agreement, JPMFM states that the document speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise denies the allegations in Paragraph 155 of the Complaint.

156.    JPMFM admits that the Large Cap Growth Fund paid approximately $19 million under the Shareholder Servicing Agreement in fiscal year 2015.  JPMFM admits that the US Equity Fund paid approximately $11 million under the Shareholder Servicing Agreement in fiscal year 2015.  JPMFM otherwise denies the allegations in Paragraph 156 of the Complaint.

157.    To the extent that Paragraph 157 of the Complaint purports to characterize the Administration Agreement or the Shareholder Servicing Agreement, JPMFM states that each document speaks for itself and denies any characterization inconsistent with its terms.  JPMFM otherwise denies the allegations in Paragraph 157 of the Complaint.

158.    JPMFM denies the allegations in Paragraph 158 of the Complaint.

159.    JPMFM denies the allegations in Paragraph 159 of the Complaint.

160.    JPMFM denies the allegations in Paragraph 160 of the Complaint.

161.    To the extent that Paragraph 161 of the Complaint purports to characterize the Administration Agreement or any other agreement, JPMFM states that each document speaks for

ACTIVE/85306372.4

itself and denies any characterization inconsistent with its terms.  JPMFM otherwise denies the allegations in Paragraph 161 of the Complaint.

162.    JPMFM denies the allegations in Paragraph 162 of the Complaint.

163.    Paragraph 163 of the Complaint purports to state conclusions of law to which no responsive pleading is required.

164.    JPMFM denies the allegations in Paragraph 164 of the Complaint.

165.    JPMFM admits that some members of the Funds' boards hold positions at, or serve on boards of, other companies or institutions.  JPMFM otherwise denies the allegations in Paragraph 165 of the Complaint.

166.    To the extent that Paragraph 166 of the Complaint purports to state conclusions of law, no responsive pleading is required.  JPMFM admits that the Board meets regularly and that over the course of a year, the Board's activities (in some instances split among various committees) include, among other things, review and approval of investment advisory and other service contracts, monitoring fund compliance matters, oversight of daily pricing of security holdings, and approval of the prospectus.  JPMFM otherwise denies the allegations in Paragraph 166 of the Complaint.

167.    JPMFM admits that when the Board has approved the IAAs and the Administration Agreement in the past, the Board has received, among other things, certain information prepared by JPMIM or JPMFM.  JPMFM otherwise denies the allegations in Paragraph 167 of the Complaint.

168.    JPMFM denies the allegations in Paragraph 168 of the Complaint.

169.    JPMFM denies the allegations in Paragraph 169 of the Complaint.

170.    JPMFM denies the allegations in Paragraph 170 of the Complaint.

171.     JPMFM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 of the Complaint, and on that basis denies the allegations.

172.     To the extent that Paragraph 172 of the Complaint purports to characterize the IAAs or the Administration Agreement, JPMFM states that each document speaks for itself and denies any characterization inconsistent with its terms.  JPMFM admits that the IAAs and the Administration Agreement do not include a "most favored nation" provision.  JPMFM otherwise denies the allegations in Paragraph 172 of the Complaint.

173.     JPMFM denies the allegations in Paragraph 173 of the Complaint.

174.     JPMFM denies the allegations in Paragraph 174 of the Complaint.

175.     JPMFM admits that in some instances the fee schedule under which each Subadvised Fund's investment adviser pays JPMIM to provide subadvisory services results from negotiations between JPMIM and the Subadvised Fund's investment adviser.  JPMFM otherwise denies the allegations in Paragraph 175 of the Complaint.

176.     JPMFM admits that JPMIM has negotiated with the investment advisers of some of the Subadvised Funds regarding the fees that the investment adviser will pay JPMIM to provide subadvisory services.  JPMFM otherwise denies the allegations in Paragraph 176 of the Complaint.

177.     JPMFM admits that before selecting subadvisers, in some instances the investment advisers of some Subadvised Funds may have multiple candidates submit proposals. JPMFM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 177 of the Complaint, and on that basis denies the allegations.

ACTIVE/85306372.4

178.    To the extent that Paragraph 178 of the Complaint refers to investment advisers other than JPMIM, JPMFM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 of the Complaint, and on that basis denies the allegations.  To the extent that Paragraph 178 of the Complaint refers to JPMIM specifically, JPMFM denies the allegations in Paragraph 178 of the Complaint.

179.    JPMFM admits that, in some instances, the fee schedule under which sponsors of the Unaffiliated Funds pay JPMCB for certain services results from negotiations between JPMCB and the sponsors of Unaffiliated Funds.  JPMFM otherwise denies the allegations in Paragraph 179 of the Complaint.

180.    JPMFM admits that, in some instances, JPMCB has negotiated with the sponsors of the Unaffiliated Funds regarding the fees that the Unaffiliated Funds will pay JPMCB to provide certain services.  JPMFM otherwise denies the allegations in Paragraph 180 of the Complaint.

181.    JPMFM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 of the Complaint, and on that basis denies the allegations.

182.    To the extent that Paragraph 182 of the Complaint refers to service providers unaffiliated with JPMFM, JPMFM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 of the Complaint, and on that basis denies the allegations.  To the extent that Paragraph 182 of the Complaint refers to service providers affiliated with JPMFM, JPMFM denies the allegations in Paragraph 182 of the Complaint.

183.    JPMFM admits that fees paid pursuant to the IAAs and the Administration Agreement are paid out of each Fund's assets, and that those fees, like any fund expense, reduce a Fund's net assets.  JPMFM otherwise denies the allegations in Paragraph 183 of the Complaint.

26

184.     JPMFM denies the allegations in Paragraph 184 of the Complaint.

185.     JPMFM denies the allegations in Paragraph 185 of the Complaint.

186.     Paragraph 186 of the Complaint does not make any claim or allegation against JPMFM and therefore no response is required.  To the extent a response is required, JPMFM incorporates the foregoing responses to Paragraphs 1-185 of the Complaint as though repeated herein.

187.     Paragraph 187 of the Complaint does not make any claim or allegation against JPMFM and therefore no response is required.  To the extent a response is required, JPMFM admits that Plaintiffs purport to bring Count I on behalf of and for the benefit of the Mid Cap Value Fund and denies that Plaintiffs are entitled to any relief.

188.     Paragraph 188 of the Complaint does not make any claim or allegation against JPMFM and therefore no response is required.  To the extent a response is required, JPMFM admits the allegations in Paragraph 188 of the Complaint.

189.     Paragraph 189 of the Complaint does not make any claim or allegation against JPMFM and therefore no response is required.  To the extent a response is required, JPMFM states that to the extent that Paragraph 189 of the Complaint purports to characterize Section 36(b) of the 1940 Act, the text of that provision speaks for itself and denies any characterization inconsistent with its terms.  To the extent that Paragraph 189 of the Complaint purports to state conclusions of law, no responsive pleading is required.  JPMFM otherwise denies the allegations in Paragraph 189 of the Complaint.

190.     Paragraph 190 of the Complaint does not make any claim or allegation against JPMFM and therefore no response is required.  To the extent a response is required, JPMFM denies the allegations in Paragraph 190 of the Complaint.

191.    Paragraph 191 of the Complaint does not make any claim or allegation against JPMFM and therefore no response is required.  To the extent a response is required, JPMFM denies the allegations in Paragraph 191 of the Complaint.

192.    Paragraph 192 of the Complaint does not make any claim or allegation against JPMFM and therefore no response is required.  To the extent a response is required, JPMFM admits that Plaintiffs purport to seek certain relief on behalf of the Mid Cap Value Fund and denies that Plaintiffs are entitled to any such relief.  JPMFM otherwise denies the allegations in Paragraph 192 of the Complaint.

193.    Paragraph 193 of the Complaint does not make any claim or allegation against JPMFM and therefore no response is required.  To the extent a response is required, JPMFM admits that Plaintiffs purport to seek certain relief on behalf of the Mid Cap Value Fund and denies that Plaintiffs are entitled to any such relief.  JPMFM otherwise denies the allegations in Paragraph 193 of the Complaint.

194.    Paragraph 194 of the Complaint does not make any claim or allegation against JPMFM and therefore no response is required.  To the extent a response is required, JPMFM incorporates the foregoing responses to Paragraphs 1-185 of the Complaint as though repeated herein.

195.    Paragraph 195 of the Complaint does not make any claim or allegation against JPMFM and therefore no response is required.  To the extent a response is required, JPMFM admits that Plaintiffs purport to bring Count II on behalf of and for the benefit of the Large Cap Growth Fund and denies that Plaintiffs are entitled to any relief.

ACTIVE/85306372.4

196.     Paragraph 196 of the Complaint does not make any claim or allegation against JPMFM and therefore no response is required.  To the extent a response is required, JPMFM admits the allegations in Paragraph 196 of the Complaint.

197.     Paragraph 197 of the Complaint does not make any claim or allegation against JPMFM and therefore no response is required.  To the extent a response is required, JPMFM states that to the extent that Paragraph 197 of the Complaint purports to characterize Section 36(b) of the 1940 Act, the text of that provision speaks for itself and denies any characterization inconsistent with its terms.  To the extent that Paragraph 197 of the Complaint purports to state conclusions of law, no responsive pleading is required.  JPMFM otherwise denies the allegations in Paragraph 197 of the Complaint.

198.     Paragraph 198 of the Complaint does not make any claim or allegation against JPMFM and therefore no response is required.  To the extent a response is required, JPMFM denies the allegations in Paragraph 198 of the Complaint.

199.     Paragraph 199 of the Complaint does not make any claim or allegation against JPMFM and therefore no response is required.  To the extent a response is required, JPMFM denies the allegations in Paragraph 199 of the Complaint.

200.     Paragraph 200 of the Complaint does not make any claim or allegation against JPMFM and therefore no response is required.  To the extent a response is required, JPMFM admits that Plaintiffs purport to seek certain relief on behalf of the Large Cap Growth Fund and denies that Plaintiffs are entitled to any such relief.  JPMFM otherwise denies the allegations in Paragraph 200 of the Complaint.

201.     Paragraph 201 of the Complaint does not make any claim or allegation against JPMFM and therefore no response is required.  To the extent a response is required, JPMFM

ACTIVE/85306372.4

admits that Plaintiffs purport to seek certain relief on behalf of the Large Cap Growth Fund and denies that Plaintiffs are entitled to any such relief.  JPMFM otherwise denies the allegations in Paragraph 201 of the Complaint.

202.    Paragraph 202 of the Complaint does not make any claim or allegation against JPMFM and therefore no response is required.  To the extent a response is required, JPMFM incorporates the foregoing responses to Paragraphs 1-185 of the Complaint as though repeated herein.

203.    Paragraph 203 of the Complaint does not make any claim or allegation against JPMFM and therefore no response is required.  To the extent a response is required, JPMFM admits that Plaintiffs purport to bring Count III on behalf of and for the benefit of the Value Advantage Fund and denies that Plaintiffs are entitled to any relief.

204.    Paragraph 204 of the Complaint does not make any claim or allegation against JPMFM and therefore no response is required.  To the extent a response is required, JPMFM admits the allegations in Paragraph 204 of the Complaint.

205.    Paragraph 205 of the Complaint does not make any claim or allegation against JPMFM and therefore no response is required.  To the extent a response is required, JPMFM states that to the extent that Paragraph 205 of the Complaint purports to characterize Section 36(b) of the 1940 Act, the text of that provision speaks for itself and denies any characterization inconsistent with its terms.  To the extent that Paragraph 205 of the Complaint purports to state conclusions of law, no responsive pleading is required.  JPMFM otherwise denies the allegations in Paragraph 205 of the Complaint.

206.     Paragraph 206 of the Complaint does not make any claim or allegation against JPMFM and therefore no response is required.  To the extent a response is required, JPMFM denies the allegations in Paragraph 206 of the Complaint.

207.     Paragraph 207 of the Complaint does not make any claim or allegation against JPMFM and therefore no response is required.  To the extent a response is required, JPMFM denies the allegations in Paragraph 207 of the Complaint.

208.     Paragraph 208 of the Complaint does not make any claim or allegation against JPMFM and therefore no response is required.  To the extent a response is required, JPMFM admits that Plaintiffs purport to seek certain relief on behalf of the Value Advantage Fund and denies that Plaintiffs are entitled to any such relief.  JPMFM otherwise denies the allegations in Paragraph 208 of the Complaint.

209.     Paragraph 209 of the Complaint does not make any claim or allegation against JPMFM and therefore no response is required.  To the extent a response is required, JPMFM admits that Plaintiffs purport to seek certain relief on behalf of the Value Advantage Fund and denies that Plaintiffs are entitled to any such relief.  JPMFM otherwise denies the allegations in Paragraph 209 of the Complaint.

210.     JPMFM incorporates the foregoing responses to Paragraphs 1-185 of the Complaint as though repeated herein.

211.     JPMFM admits that Plaintiffs purport to bring Count IV on behalf of and for the benefit of the Mid Cap Value Fund and denies that Plaintiffs are entitled to any relief.

212.     JPMFM admits the allegations in Paragraph 212 of the Complaint.

213.     JPMFM denies that JPMCB is a defendant in this action, and otherwise admits the allegations in Paragraph 213 of the Complaint.

214.    To the extent that Paragraph 214 of the Complaint purports to characterize Section 36(b) of the 1940 Act, JPMFM states that the text of that provision speaks for itself and JPMFM denies any characterization inconsistent with its terms.  To the extent that Paragraph 214 of the Complaint purports to state conclusions of law, no responsive pleading is required. JPMFM otherwise denies the allegations in Paragraph 214 of the Complaint.

215.    JPMFM denies the allegations in Paragraph 215 of the Complaint.

216.    JPMFM denies the allegations in Paragraph 216 of the Complaint.

217.    JPMFM denies that JPMCB is a defendant in this action.  JPMFM admits that Plaintiffs purport to seek certain relief on behalf of the Mid Cap Value Fund and denies that Plaintiffs are entitled to any such relief.  JPMFM otherwise denies the allegations in Paragraph 217 of the Complaint.

218.    JPMFM admits that Plaintiffs purport to seek certain relief on behalf of the Mid Cap Value Fund and denies that Plaintiffs are entitled to any such relief.  JPMFM otherwise denies the allegations in Paragraph 218 of the Complaint.

219.    JPMFM incorporates the foregoing responses to Paragraphs 1-185 of the Complaint as though repeated herein.

220.    JPMFM admits that Plaintiffs purport to bring Count V on behalf of and for the benefit of the Large Cap Growth Fund and denies that Plaintiffs are entitled to any relief.

221.    JPMFM admits the allegations in Paragraph 221of the Complaint.

222.    JPMFM denies that JPMCB is a defendant in this action, and otherwise admits the allegations in Paragraph 222 of the Complaint.

223.    JPMFM states that to the extent that Paragraph 223 of the Complaint purports to characterize Section 36(b) of the 1940 Act, that the text of that provision speaks for itself and

JPMFM denies any characterization inconsistent with its terms. To the extent that Paragraph 223 of the Complaint purports to state conclusions of law, no responsive pleading is required. JPMFM otherwise denies the allegations in Paragraph 223 of the Complaint.

224. JPMFM denies the allegations in Paragraph 224 of the Complaint.

225. JPMFM denies the allegations in Paragraph 225 of the Complaint.

226. JPMFM denies that JPMCB is a defendant in this action. JPMFM admits that Plaintiffs purport to seek certain relief on behalf of the Large Cap Growth Fund and denies that Plaintiffs are entitled to any such relief. JPMFM otherwise denies the allegations in Paragraph 226 of the Complaint.

227. JPMFM admits that Plaintiffs purport to seek certain relief on behalf of the Large Cap Growth Fund and denies that Plaintiffs are entitled to any such relief. JPMFM otherwise denies the allegations in Paragraph 227 of the Complaint.

228. JPMFM incorporates the foregoing responses to Paragraphs 1-185 of the Complaint as though repeated herein.

229. JPMFM admits that Plaintiffs purport to bring Count VI on behalf of and for the benefit of the Value Advantage Fund and denies that Plaintiffs are entitled to any relief.

230. JPMFM admits the allegations in Paragraph 230 of the Complaint.

231. JPMFM denies that JPMCB is a defendant in this action, and otherwise admits the allegations in Paragraph 231 of the Complaint.

232. To the extent that Paragraph 232 of the Complaint purports to characterize Section 36(b) of the 1940 Act, JPMFM states that the text of that provision speaks for itself and JPMFM denies any characterization inconsistent with its terms. To the extent that Paragraph 232

ACTIVE/85306372.4

of the Complaint purports to state conclusions of law, no responsive pleading is required.

JPMFM otherwise denies the allegations in Paragraph 232 of the Complaint.

233.     JPMFM denies the allegations in Paragraph 233 of the Complaint.

234.     JPMFM denies the allegations in Paragraph 234 of the Complaint.

235.     JPMFM denies that JPMCB is a defendant in this action.  JPMFM admits that Plaintiffs purport to seek certain relief on behalf of the Value Advantage Fund and denies that Plaintiffs are entitled to any such relief.  JPMFM otherwise denies the allegations in Paragraph 235 of the Complaint.

236.     JPMFM admits that Plaintiffs purport to seek certain relief on behalf of the Value Advantage Fund and denies that Plaintiffs are entitled to any such relief.  JPMFM otherwise denies the allegations in Paragraph 236 of the Complaint.

237.     JPMFM  incorporates the foregoing responses to Paragraphs 1-185 of the Complaint as though repeated herein.

238.     JPMFM  admits that Plaintiffs purport to bring Count VII on behalf of and for the benefit of the Strategic Income Opportunities Fund and denies that Plaintiffs are entitled to any relief.

239.     JPMFM admits the allegations in Paragraph 239 of the Complaint.

240.     JPMFM denies that JPMCB is a defendant in this action, and otherwise admits the allegations in Paragraph 240 of the Complaint.

241.     To the extent that Paragraph 241 of the Complaint purports to characterize Section 36(b) of the 1940 Act, JPMFM states that the text of that provision speaks for itself and JPMFM denies any characterization inconsistent with its terms.  To the extent that Paragraph 241

ACTIVE/85306372.4

of the Complaint purports to state conclusions of law, no responsive pleading is required. JPMFM otherwise denies the allegations in Paragraph 241 of the Complaint.

242.    JPMFM denies the allegations in Paragraph 242 of the Complaint.

243.    JPMFM denies the allegations in Paragraph 243 of the Complaint.

244.    JPMFM denies that JPMCB is a defendant in this action.  JPMFM admits that Plaintiffs purport to seek certain relief on behalf of the Strategic Income Opportunities Fund and denies that Plaintiffs are entitled to any such relief.  JPMFM otherwise denies the allegations in Paragraph 244 of the Complaint.

245.    JPMFM admits that Plaintiffs purport to seek certain relief on behalf of the Strategic Income Opportunities Fund and denies that Plaintiffs are entitled to any such relief. JPMFM otherwise denies the allegations in Paragraph 245 of the Complaint.

246.    JPMFM  incorporates the foregoing responses to Paragraphs 1-185 of the Complaint as though repeated herein.

247.    JPMFM admits that Plaintiffs purport to bring Count VIII on behalf of and for the benefit of the US Equity Fund and denies that Plaintiffs are entitled to any relief.

248.    JPMFM admits the allegations in Paragraph 248 of the Complaint.

249.    JPMFM denies that JPMCB is a defendant in this action, and otherwise admits the allegations in Paragraph 249 of the Complaint.

250.    To the extent that Paragraph 250 of the Complaint purports to characterize Section 36(b) of the 1940 Act, JPMFM states that the text of that provision speaks for itself and JPMFM denies any characterization inconsistent with its terms.  To the extent that Paragraph 250 of the Complaint purports to state conclusions of law, no responsive pleading is required. JPMFM otherwise denies the allegations in Paragraph 250 of the Complaint.

ACTIVE/85306372.4

251.    JPMFM denies the allegations in Paragraph 251 of the Complaint.

252.    JPMFM denies the allegations in Paragraph 252 of the Complaint.

253.    JPMFM denies that JPMCB is a defendant in this action.  JPMFM admits that Plaintiffs purport to seek certain relief on behalf of the US Equity Fund and denies that Plaintiffs are entitled to any such relief.  JPMFM otherwise denies the allegations in Paragraph 253 of the Complaint.

254.    JPMFM admits that Plaintiffs purport to seek certain relief on behalf of the US Equity Fund and denies that Plaintiffs are entitled to any such relief.  JPMFM otherwise denies the allegations in Paragraph 254 of the Complaint.

## AFFIRMATIVE DEFENSES

JPMFM  advances the following defenses to the Complaint.  The defenses asserted below will apply, or will not apply, in varying degrees to each Plaintiff, depending upon the particular factual circumstances of each Plaintiff.  Each defense asserted against a claim or requested relief is asserted as to every claim or requested relief, in whole or in part, unless otherwise stated.  By setting forth these defenses, JPMFM  does not assume the burden of proving any fact, issue or element of a cause of action where such burden properly belongs to Plaintiffs.  Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations.

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations and the one-year "look-back" statutory limitation on damages.

ACTIVE/85306372.4

<u>Third Defense</u>

Plaintiffs' claims are barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, ratification, disclosure and/or consent.

<u>Fourth Defense</u>

Plaintiffs lack standing to bring the claims asserted in the Complaint.

<u>Fifth Defense</u>

To the extent that this action seeks exemplary or punitive damages, any such relief would violate JPMFM's rights to procedural and substantive due process.

<u>Sixth Defense</u>

JPMFM did not engage in any conduct which would constitute a breach of fiduciary duty.

<u>Seventh Defense</u>

Plaintiffs have not suffered any losses or damages proximately caused by their investment in the Funds or by any breach of fiduciary duty alleged in the Complaint.

<u>Eighth Defense</u>

When Plaintiffs became alleged shareholders of the Funds, they were or should have been aware that a majority of the Board had already approved a fee schedule that provided for compensation to JPMIM and a fee schedule that provided for compensation to JPMFM equal to or greater than the compensation JPMIM and JPMFM now receive.  Plaintiffs were fully informed of all material facts concerning investing in the Funds, including the level and calculation of a Fund adviser's compensation and Fund administrator's compensation, and knowingly entered into the investment.  On this basis, Plaintiffs are estopped and precluded from maintaining this action on behalf of the Funds.

<u>Ninth Defense</u>

JPMFM acted at all times and in all respects in good faith and with due care.

<u>Tenth Defense</u>

The independent trustees or independent directors of the Funds received adequate information from JPMIM and JPMFM and exercised good faith business judgment in approving the IAAs and the Administration Agreement in effect when Plaintiffs allegedly became shareholders, and in subsequently approving renewals and/or amendments of the IAAs and the Administration Agreement.

<u>Eleventh Defense</u>

There is no disaggregation of fees or services under Section 36(b).  Plaintiffs' claims are barred because as a whole, the fees for each of the Funds is not so disproportionately large that the fees bear no reasonable relationship to the value of the services provided by JPMIM and JPMFM.

<u>Twelfth Defense</u>

Plaintiffs may not obtain rescission under Section 47(b) of the 1940 Act, 15 U.S.C. § 80a-46(b), because rescission is not available as a remedy for purported violations of Section 36(b).  Further, Plaintiffs lack standing to pursue a request for rescission.  Thus, any claim for rescission is barred.

<u>Thirteenth Defense</u>

Plaintiffs are not entitled to a jury trial for an alleged violation of Section 36(b) of the 1940 Act.

ACTIVE/85306372.4

<u>Fourteenth Defense</u>

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate any alleged losses.

## **RESERVATION OF RIGHTS**

JPMFM reserves the right to assert, and hereby gives notice that JPMFM intends to rely upon, any other defense that may become available or appear during discovery or otherwise in this case and hereby reserves the right to amend the Answer to assert such defenses.

Respectfully submitted,

/s/ Bradley T. Ferrell

| | |
|---|---|
| Mark Holland (admitted *pro hac vice*) | Steven W. Tigges (0019288), Trial Attorney |
| GOODWIN PROCTER LLP | Bradley T. Ferrell (0070965) |
| The New York Times Building | ZEIGER, TIGGES & LITTLE LLP |
| 620 Eighth Avenue | 41 South High Street |
| New York, NY  10018 | 3500 Huntington Center |
| Tel:     (212) 813-8800 | Columbus, OH  43215 |
| Fax:     (212) 355-3333 | Tel:     (614) 365-9900 |
| Email: mholland@goodwinprocter.com | Fax:     (614) 365-7900 |
| | Email: tigges@litohio.com |
| Michael K. Isenman (admitted *pro hac vice*) |           ferrell@litohio.com |
| GOODWIN PROCTER LLP | |
| 901 New York Avenue, NW | |
| Washington, DC  20001 | |
| Tel:     (202) 346-4000 | |
| Fax:     (202) 346-4444 | |
| Email: misenman@goodwinprocter.com | |
| | *Attorneys for Defendant JPMorgan Funds Management, Inc.* |
| Dated:  March 11, 2016 | |

ACTIVE/85306372.4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of March, 2016, I have caused the foregoing Answer of Defendant JPMorgan Funds Management, Inc. to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing ("NEF") to the following:

David P. Meyer
Matthew R. Wilson
Michael J. Boyle, Jr.
MEYER WILSON CO., LPA
1320 Dublin Road, Suite 100
Columbus, OH 43215

Andrew W. Robertson
Robin F. Zwerling
Jeffrey C. Zwerling
Susan Salvetti
ZWERLING, SCHACHTER & ZWERLING, LLP
41 Madison Avenue
New York, NY 10010

Stephen J. Oddo
Jenny L. Dixon
Daniel L. Sachs
ROBBINS ARROYO LLP
600 B Street, Suite 1900
San Diego, CA 92101


/s/ Bradley T. Ferrell

ACTIVE/85306372.4